STAPLES v. THE TOWN OF CANTON, *Appellant.*

1. **Negligence.**   Failure of a city to erect side-railings to a bridge located in a public street, is not negligence *per se* on the part of the city.   Whether it amounts to negligence in a particular case is a question for the jury to determine upon consideration of all the circumstances.

2. **Contributory Negligence.**   When the evidence in an action of damages for injuries sustained by falling from a bridge, tends to show that the plaintiff knew that the bridge had no side-railing, but, nevertheless, without taking any precautions for his safety, ventured upon it on a night so dark that he could not see, and by reason of the absence of the railing fell from the bridge and sustained the injuries complained of, and the defendant pleads contributory negligence as a defense, it is error for the court to refuse to submit that defense to the jury by a proper instruction.

3. **Instructions.**   When the instructions in a case are so contradictory that it is impossible to say on what ground the verdict of the jury was based, if any of them are incorrect, the judgment must be reversed.

*Appeal from Lewis Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

*N. Rollins* for appellant.

*Blair & Marchand* for respondent.

HENRY, J.—Plaintiff, an inhabitant of the town of Canton, returning home from church on the night of January 31st, 1875, fell from a bridge over a ravine, a distance of six or seven feet, and his leg was broken by the fall. This was a suit against the town to recover damages, in which plaintiff obtained a judgment for $1,900, from which defendant has appealed. The bridge was erected by the town on one of its streets crossing the ravine, and having determined to build a bridge there, its duty to erect one reasonably safe for travel is recognized. It was sixteen feet square, but had no side-railings, and this, it is alleged, was negligence on the part of the city.

Whether it was reasonably safe " for travel in the ordinary modes, by night as well as by day, is a practical question, to be determined in each case by its particular circumstances." 2 Dillon Munic. Corp., § 789. We are not prepared to say, as was assumed by the circuit court in the first instruction given for plaintiff, that the failure to erect side-railings to the bridge was negligence *per se.* It was a question which the jury should have been allowed to determine, whether at that particular place, taking into consideration its surroundings, its width and length, and the amount of travel over it, side railings were necessary to make it reasonably safe for travel in the ordinary modes.

1. NEGLIGENCE.

The first instruction for plaintiff was not only vicious in this respect, but, after declaring that the failure to place railings along the sides of the bridge was negligence on the part of the city, told the jury that, "if the night was so dark as to prevent plaintiff from seeing his way safely across, and in consequence thereof he fell from the bridge into the ditch, &c., the jury should find for him." This precluded the jury from any consid-

2. CONTRIBUTORY NEGLIGENCE.

38—69

eration of the defense relied upon, that the plaintiff was
guilty of contributory negligence. If it was so dark that
plaintiff could not see his way over the bridge, and, in con-
sequence of that darkness, he fell from the bridge, is it
true that, fully informed of the condition of the bridge, as
was clearly established, the plaintiff was, of course, en-
titled to recover? Did the facts that there were no side-
railings, and that the night was so dark that plaintiff could
not see, justify the court in withdrawing from the jury the
consideration of the question of plaintiff's contributory
negligence? If one know that in consequence of the ab-
sence of side-railings to a bridge, it is dangerous to cross
it in the dark, and the night is so dark that he cannot see
his way over it, can he, without using any precaution for
his safety, make the attempt and recover damages if he
falls from the bridge? These questions must receive a
negative answer, and, consequently, the instruction under
consideration was erroneous.

It is true that the first instruction for defendant in-
formed the jury that if plaintiff knew the condition of the
3. INSTRUCTIONS.    bridge, and failed to use such care in crossing
as a prudent man would naturally have used, under like
circumstances, he could not recover, but this was in direct
conflict with the first instruction for plaintiff. Instruction
number eight, for defendant, submitted to the jury the
question whether the bridge was "reasonably safe for travel
for foot passengers, taking into consideration all the cir-
cumstances of the case, including the width of the opening
or ditch, the width of the bridge, the condition and direc-
tion of the walks with reference to the bridge, and the
knowledge then possessed by plaintiff concerning the
same," but, having in the first instruction, for plaintiff, de-
clared, as a matter of law, that the failure to erect the
side-railings, was negligence, and that if defendant fell from
the bridge in consequence of the darkness of the night, he
had a right to recover, it is impossible to say on what
ground the verdict was based, whether upon the theory of

plaintiff's erroneous first instruction, or because the evidence proved that the bridge was unsafe, and that defendant had used proper care in attempting to cross. The judgment is reversed and the cause remanded. All concur.

REVERSED.