·HARRIET A. SALMON ET AL., Respondents, v. TOWN OF TRENTON, Appellant.

**Kansas City Court of Appeals, March 2, 1886.**

INSTRUCTIONS—SIDEWALKS—TEST OF SAFETY—CASE ADJUDGED.—Where the court (in a suit for damages because of injury caused by a defective sidewalk) told the jury, in effect, that if the sidewalk was less safe, on account of the boards and planks being loose from, than it would have been had the boards and planks been fastened to, the sills, then the jury might find that the sidewalk was unsafe. *Held*, to be error; that although the sidewalk might have been in a condition less safe than it would have been, in another condition, the sidewalk was not, therefore, necessarily unsafe; it might have still been reasonably safe for travel in the ordinary modes.

APPEAL from Grundy Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

Statement of case by the court.

The petition in this case is substantially the same as the petition in the case of *Yocum v. Town of Trenton*, 20 Mo. App. 498. The damages, for the recovery of which this action is brought, are damages alleged to have been caused to the female plaintiff on account of the unsafe condition of the sidewalk on the west side of Oak street, a public street in said town. The unsafe condition of the sidewalk is alleged to have consisted of this, "that at said time, and before, a large number of the planks and boards of said sidewalk got, and became, loose from the stringers, or sills, to which they had been nailed and fastened."

The bill of exceptions, as shown by the appellant's abstract, which is admitted by the respondent to be correct, recites that "the plaintiffs, to maintain the issues on their part, introduced evidence tending to prove the alle-

.gations in the petition. And the defendant introduced evidence tending to disprove the allegations of the petition."

The court gave for the plaintiffs, among other instructions, the following:

"2. In order for plaintiff to recover in this case, it is not at all necessary that she should show that the defendant or its agents or officers had actual knowledge or notice of the defects in or dangerous condition of said .sidewalk if it was defective or dangerous, but if said side-.walk at said point where plaintiff alleges she received her injuries had been out of repair and in an unsafe or dangerous condition for a long space of time prior to plaintiff's so receiving the injuries complained of, then the law presumes the defendant had knowledge and knew thereof."

"4. If the jury believe, from the evidence, that the sidewalk would have been more convenient and less dangerous to persons passing over it had the boards or planks been nailed and fastened to the sills, then it was the duty of the defendant when it learned, or by the exercise of ordinary diligence, might have known, said boards were loose or unnailed to said sills, to cause them to be fastened and nailed."

For the defendant the court gave, among other instructions, the following:

"1. The court instructs the jury that a municipal corporation is not an insurer against accidents upon its sidewalks, nor is every defect therein, though it may cause an injury, actionable. It is sufficient if the sidewalks are kept in a reasonably safe condition for travel thereon in the ordinary modes."

"2. Although the jury may believe, from the evidence, that one or more planks in the sidewalk in question were loose from the stringers, and that the injury to plaintiff was caused thereby, still, if the jury believe, from the testimony, that the sidewalk in question at the point where the injury is alleged to have occurred, was, at

the time of the injury, in a reasonably safe condition for travel in the ordinary modes upon a sidewalk, the jury ought to find for the defendant.''

J. H. Shanklin, T. A. Witten, and A. G. Knight, for the appellant.

I.   Before defendant can be held guilty of negligence for defects in sidewalk, notice must be brought home to it, or they must be so notorious as to be observable by all. *Mayor of New York v. Sheffield*, 4 Wall. (U. S.) 189 ; *Howe v. Plainfield*, 41 N. H. 135 ; *Goodnough v. Oshkosh*, 24 Wis. 549 ; Wharton on Neg., sect. 962, *et seq. ; Bonine v. Richmond*, 75 Mo. 437, and cases cited ; *Russell v. Columbia*, 74 Mo. 480, and cases cited.

II.   When the instructions are contradictory and inconsistent, so as to be misleading, the judgment should be reversed. *Staples v. Town of Canton*, 69 Mo. 592.

E. M. Harber and Geo. Hall, for the respondent.

I.   The instructions must all be considered together, and if, as a whole, they are correct, the court will not reverse, though some are faulty.

II.   The instructions of defendant were properly refused, because there was no testimony to support them. No intervening negligence was pleaded. And as these refused instructions were based on an issue not made by the pleadings, they should have been refused. *Capital Bank v. Armstrong*, 62 Mo. 59 ; *Mossman v. Bender*, 80 Mo. 576 ; *Benson v. Chicago & Alton Railroad Co.*, 78 Mo. 504.

Hall, J.—The questions in this case are as to the action of the court in giving the instructions numbered two and four for the plaintiffs.

The facts of the case of *Yocum v. Town of Trenton* (20 Mo. App. 498), are substantially the same as the facts of this case. An instruction identically the same as instruction number two, given for the plain-

tiffs in this case, was given in that case. The objections made by the defendant here on account of the giving of the instructions, were made in that case. For the reasons given in that case, we hold that the defendant's objections are not well made.

The words "less dangerous," used in said instruction number four, were used in the sense of less safe. To give to words "less dangerous" their own, literal meaning, would give to the instruction the effect of an assumption by the court that the sidewalk was in fact dangerous. Such assumption was not intended to be made by the court. The question as to whether the sidewalk was dangerous was submitted by the court to the jury in other instructions. The court did not intend by instruction number four, in the face of those other instructions, to declare that the sidewalk was in fact dangerous.

The words "less dangerous," as used in said instruction, cannot be said to mean unsafe. "Less dangerous" does not mean unsafe. There is nothing in the context to indicate that the words were used in such sense. Some meaning ought to be given, and, if possible, a meaning consistent with the other instructions in the case, should be given to the said fourth instruction. To hold that the court intended by it to submit to the jury the question as to whether the sidewalk was unsafe on account of the boards and planks being loose, would be to give to the instruction no meaning. Because, the only defect in the sidewalk complained of in the petition was, that the boards and planks were loose from the sills, and the question, as to whether thereby the sidewalk was made not reasonably safe for travel was submitted to the jury in other instructions. The said fourth instruction was intended to furnish to the jury a test by which they might determine the question, as to whether the sidewalk was dangerous on account of the boards and planks being loose. We can understand it in no other way. The words "less dangerous," used in the instruction, were, therefore, used in the sense of, and to signify less safe.

That is, the court, by that instruction, told the jury that if they believed, from the evidence, that the sidewalk was less safe on account of the boards and planks being loose from the stringers than it would have been had the boards and planks been fastened to the stringers, then it was the duty of the defendant, when she learned, or by the exercise of ordinary diligence could have learned, that the boards and planks were loose from the stringers, to have caused them to be fastened or nailed to the stringers. In other words, taking all the instructions together, the court told the jury that if the sidewalk was less safe on account of the boards and planks being loose from, than it would have been had the boards and planks been fastened to, the sills, the jury might find that the sidewalk was unsafe.

Such a charge to the jury was erroneous. The question was, was the sidewalk reasonably safe for travel in the ordinary modes? The test declared by the court was not correct. Although the sidewalk might have been in a condition less safe than it would have been, in another condition, the sidewalk was not, therefore, necessarily unsafe ; it might have still been reasonably safe for travel in the ordinary modes.

As shown by the bill of exceptions, upon the question as to whether the sidewalk was reasonably safe, the evidence was conflicting. That question was, therefore, for the determination of the jury. It was for the jury to determine, " whether at that particular place, taking into consideration its surroundings * * * and the amount of travel upon it * * * " the sidewalk was reasonably safe for travel in the usual modes. *Staples v. The Town of Canton*, 69 Mo. 593. The trial court could not have determined that question. Much less can we do so. We cannot, therefore, say that the sidewalk was not reasonably safe for travel in the usual modes, because the boards and planks were loose from the sills, and that, therefore, the defendant was not harmed by the error of said instruction number four. Even if there had not

been a conflict of evidence upon the question as to whether the sidewalk was reasonably safe, neither could the circuit court have assumed, nor could this court now assume, that the sidewalk was not reasonably safe for travel in the ordinary modes, because the boards and planks were loose from the sills. *Staples v. Town of Canton, supra.* The question would have still been a question for the jury. *Id.*

The court furnished to the jury an incorrect test by which to determine, perhaps, the most vital question in this case. The test was furnished by the court at the instance of the plaintiffs. The jury found for the plaintiffs. Under the circumstances of this case we cannot hold that the jury were not influenced by the erroneous test.

The counsel for plaintiffs contend that before the jury could have attached any importance to said fourth instruction, they must have found the sidewalk to have been in a dangerous condition. The jury were confined in their investigation, as to the dangerous condition of the sidewalk, to the fact alleged in the petition that the boards and planks were loose from the sills. It is unreasonable to suppose that the court intended to tell the jury, or that they could have understood that they were so told, by the said instruction, that if they found the sidewalk to have been dangerous on account of the boards and planks being loose from the sills, and if they further believed, from the evidence, that the sidewalk would have been less dangerous if the boards and planks had been fastened to the sills, then it was the duty of the defendant, etc. Such a construction of the instruction is more than unreasonable.

We have placed upon instruction number four the only construction of which it is susceptible in our opinion.

The judgment is reversed, and the cause is remanded. All concur.