LOUISA J. YOUNG, Respondent, v. KANSAS CITY, Appellant.

**Kansas City Court of Appeals, May 25, 1891.**

**Municipal Corporations :** REASONABLY SAFE SIDEWALK : QUESTION FOR JURY. A city is not liable for a mere defect or imperfection in a sidewalk ; but the defect must be such that on its account the sidewalk is not reasonably safe for travel in the ordinary modes ; and whether a sidewalk is so reasonably safe or not, is a question for the jury ; and an instruction taking the question of such reasonable safety from the jury is erroneous, especially where there is evidence tending to show such reasonable safety.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*R. L. Yeager* and *W. S. Cowherd*, for appellant.

The court erred in giving instruction, numbered 2, of its own motion. It presumed as a matter of law that a loose board rendered a sidewalk dangerous. This was a question for the jury. *Salmon v. Trenton*, 21 Mo. App. 186 ; *Staples v. Canton*, 69 Mo. 563 ; *Bassett v. St. Jo.*, 53 Mo. 296 ; *Brennan v. St. Louis*, 92 Mo. 482–487.

*McLane & Redburn*, for respondent.

The appellant complains most of instruction, numbered 2, given by the court on its own motion. On this

instruction it hangs its hope for reversal. This instruction is not open to the objection urged against it by appellant; it was fair and proper under the pleadings and the testimony—was not calculated to mislead the jury to the prejudice of the defendant. This instruction, in connection with the other instructions given by the court, fairly presented the case to the jury. *Bassett v. St. Joseph*, 53 Mo. 290; *Squiers v. Chillicothe*, 89 Mo. 226; *Russell v. Columbia*, 74 Mo. 480; *Bovier v. Richmond*, 75 Mo. 440; *Brennan v. St. Louis*, 92 Mo. 482; *Yocum v. Trenton*, 20 Mo. App. 489; *Rice v. Des Moines*, 40 Iowa, 641; *Hull v. City of Kansas*, 54 Mo. 598; *Wright v. City of Kansas*, 18 Mo. App. 436.

GILL, J.—This is an action for damages on account of personal injuries alleged to have been received by Mrs. Young from a fall on Campbell street near Eighteenth street, Kansas City. The substance of the complaint is that plaintiff, with her husband, was passing along the sidewalk when Mr. Young stepped on the end of a loose plank, which was thrown up, tripping the plaintiff, causing her to fall violently to the walk and resulting in the injuries complained of. The case, under the instructions from the court, was submitted to a jury, which resulted in a verdict and judgment for plaintiff in the sum of $750, and defendant has appealed.

I. The trial court refused to give all instructions asked for by defendant's counsel, and gave of its own motion the following, apparently intended to cover the substantial features of the case: "The court instructs the jury that, if they believe from the evidence that the plaintiff received the injuries on the eleventh day of August, 1889, by a fall caused by a loose plank in the sidewalk, on Campbell street in front of house number 1736, and such plank had been loose, or liable to become loose, because of the condition of the stringer thereunder before that day, for a sufficient length of time for the defendant to have discovered and remedied the same by

the exercise of ordinary diligence, then the jury will find for the plaintiff ; otherwise, the verdict will be for the defendant." The giving this instruction was reversible error. The principle here announced is opposed by the following authorities: *Salmon v. Trenton*, 21 Mo. App. 182 ; *Staples v. Canton*, 69 Mo. 592 ; *Craig v. Sedalia*, 63 Mo. 417 ; 2 Dill. on Mun. Corp. 1014, 1016–1019, etc.

The instruction erroneously told the jury, in effect, that merely permitting the sidewalk in question to consist of loose plank, unfastened to the sills or sleepers, was *per se* negligence. It requires something more than a mere defect or imperfection in a sidewalk to hold the city liable for injuries thereby occasioned. The defect or imperfection must be such that the sidewalk would not, on that account, be reasonably safe for travel in the ordinary modes. And whether or not it was reasonably safe was a question for the jury to determine under all the circumstances of the case. *Staples v. Canton, supra;* 2 Dill. on Mun. Corp. [3 Ed.] sec. 1016.

It may have been better, and indeed comparatively safer, that the plank be laid upon and securely fastened to sills or stringers, but yet it may have been *reasonably* safe for those traveling thereon, while exercising proper care, if said boards were laid flat and bedded on solid earth without any stringers. And on the part of the defendant there was evidence tending to show that, notwithstanding some planks were loose at the point complained of, yet the ends of such boards rested firmly on the ground would not tip up by stepping thereon, and were indeed reasonably safe for travel in the usual modes. This evidence tended to establish a good defense to the action ; but under the court's instruction it was erroneously excluded from the consideration of the jury. *Salmon v. Trenton, supra.*

The judgment, therefore, must be reversed, and the cause remanded for a new trial. All concur.