NELLIE CAMPBELL, Respondent, v. CITY OF STAN-
   BERRY, Appellant.

**Kansas City Court of Appeals, June 18, 1900.**

1. **Municipal Corporations:** GUARDING AND LIGHTING DITCHED STREET: INSTRUCTION. A municipality, when a ditch is left open in its street, should guard the same by rails or light, but it is not compelled to both rail and light such ditch, and an instruction casting such duty on the city is erroneous.

2. ————: ————: NEGLIGENCE: JURY QUESTION: EVIDENCE. Where it is patent to every reasonable mind that the failure to guard or light a ditched street is negligence, then the court may so declare, but otherwise, negligence is a jury question, even though the evidence is ample to support an affirmative verdict.

Appeal from the Gentry Circuit Court.—*Hon. C. A. Anthony,* Judge.

REVERSED AND REMANDED.

*Aleshire & Benson* for appellant.

(1)   Appellant contends that plaintiff's instruction number 1 should not have been given.   First.   Because it is a comment upon the evidence.   Second.   Because it declares the omission to protect the ditch by lights and guard rails negligence *per se.*   Third.   It requires that the city should have protected the ditch by sufficient guard rails and lights in the night time.   Fourth.   Because it omits, as well as all of plaintiff's instructions, the defense of contributory negligence pleaded by defendant.   Hanlon v. Railroad, 104 Mo. 381; Gratiot v. Railroad, 116 Mo. 450; Bluedorn v. Railroad, 121 Mo. 258; Skinner v. Stifel, 55 Mo. App. 9; Easley v. Railroad, 113 Mo. 243; Murphy v. Railroad, 115 Mo. 111; Maher v. Railroad, 64 Mo. 275; Campbell v. Railroad, 59 Mo. App. 151; Windsor v. Railway, 45 Mo. App. 123; Yarnell v. Railroad, 113 Mo. 570; Staples v. Town of Canton, 69 Mo. 592; Loewer v. City of Sedalia, 77 Mo. 431; for instructions in this case see p. 442; Barr v. City of Kansas, 105 Mo. 550; Railway v. Stock Yard Co., 120 Mo. 541; Meyer v. Railroad, 40 Mo. 151; Raysdon v. Trumbo, 52 Mo. 35; Gilson v. Railway, 76 Mo. 282; Moberly v. Railway, 98 Mo. 183; Cultivator Co. v. Railway, 64 Mo. App. 305; Mallmann v. Harris Bros., 65 Mo. App. 127; Cohn v. City of Kansas, 108 Mo. 387; Flynn v. City of Neosho, 114 Mo. 572; Maus v. Springfield, 101 Mo. 613; Haniford v. Kansas City, 103 Mo. 172; Gerdes v. Iron & Foundry Co., 124 Mo. 347.

Campbell v. Stanberry.

*Perry & Lyons, J. L. McCullough* and *J. C. Wilson* for respondent.

(1)   Plaintiff's first instruction is not subject to any of the objections urged against it.   (a)   It is not a comment on the evidence, but submits to the jury the facts constituting negligence alleged in the petition.   It was copied substantially from the instruction approved in the following case:   Barr v. Kansas City, 105 Mo. 555.   Upon a second appeal, the correctness of this instruction was again affirmed.   Barr v. Kansas City, 121 Mo. loc. cit. 33; Russell v. Columbia, 74 Mo. loc. cit. 487.   (b)   It was the duty of the court to tell the jury, if they found the facts recited in this instruction to exist, that such facts constituted negligence, or what is the same thing, to find for the plaintiff. Yarnall v. Railroad, 75 Mo. 575; Barr v. Kansas City, 105 Mo. 555; s. c., 121 Mo. loc. cit. 33; 2 Thomp. on Trials, sec. 1750; Young v. Webb City, 150 Mo. 333; Chilton v. St. Joseph, 143 Mo. 192; Tritz v. Kansas City, 84 Mo. 632; Kinney v. Springfield, 35 Mo. App. 110; Russell v. Columbia, 74 Mo. loc. cit. 487; Fullerton v. Fordyce, 144 Mo. loc. cit. 528; Yarnall v. Railroad, 75 Mo. loc. cit. 583; Bonine v. Richmond, 75 Mo. 437.   (c)   The claim of defendant that by this instruction the jury were told that it was required to protect the ditch by both guard rails and lights, can not be sustained by any fair reading of the instruction. Crumpley v. Railway, 111 Mo. loc. cit. 159; Lane v. Railway, 132 Mo. loc. cit. 17; Milligan v. Railroad, 79 Mo. App. loc. cit. 396. '(d)   The objection that the instruction ignores the defense of contributory negligence is answered by a reading of it.   Plummer v. Milan, 79 Mo. App. 439; Chilton v. St. Joseph, 143 Mo. 192; Young v. Webb City, 150 Mo. 333; Hughes v. Railway, 127 Mo. loc. cit. 452;

Gordon v. Burris, 54 S. W. Rep. 546, 547; Barr v. Kansas City, 105 Mo. loc. cit. 557; 2 Thomp. Trials, sec. 1706.

ELLISON, J.—Plaintiff recovered judgment against defendant city on account of personal injury received in one of its streets.

It appears that plaintiff was passing along or across the street in the night time and fell into a trench about four feet deep which the city had dug therein for the purpose of laying water mains. The plaintiff was seriously injured. The court gave for plaintiff, among others, the following instruction:

"The court instructs the jury that under the law the city of Stanberry, defendant herein, is charged with the duty of maintaining its streets and alleys in a reasonably safe condition, so that those having occasion to use them may do so in safety. It was the duty of defendant to keep Sixth street in a reasonably safe condition at the point covered by the ditch in question, by providing reasonably safe guard rails for said ditch, or by keeping lights along the line thereof, so that persons using said Sixth street as a public highway might be warned of the danger of falling into said excavation. If the defendant failed to provide guard rails for said ditch or excavation, or to put up lights along the same in the night time, in consequence of which said ditch or excavation was left unprotected, then such failure on the part of the city was negligence. And if the defendant suffered said ditch or excavation to remain open without any guard rails to protect the same, or without having placed lights along the same in the night time, after knowing the said ditch or excavation was open and unprotected and unlighted as aforesaid; or when by the exercise of ordinary care it might have known that said ditch or excavation was so open, unguarded and unlighted, then such act of the de-

fendant was negligence.  And if you shall believe from all the evidence in this case that the plaintiff, while in the exercise of ordinary care fell into the ditch or excavation on Sixth street, while attempting to cross said Sixth street, by reason of the negligence of the defendant, as in this instruction defined, and that by reason of such fall the plaintiff sustained the injuries complained of, then your finding must be for the plaintiff."

The objection to this instruction is that it imposes the dual duty of putting up both guard rails and lights.  We think the objection is well made.  The instruction tells the jury directly that if the defendant failed to put up a guard rail or a light it was negligence.

Cases are cited where instructions as to warnings at railroad crossings at public highways have been under the criticism of the courts.  The statute requires either that the whistle shall be sounded, or that the bell shall be rung, and it is held to be error to instruct that both must be done. In Turner v. Railway Co., 78 Mo. 578, the instruction was that if the railway company's servants failed to ring the bell or sound the whistle the company would be liable; and it was held to impose both duties, as it clearly did, and was therefore erroneous.  The words of an instruction, as in any other communication, written or spoken, may be so used in reference to any given subject as to wholly change the meaning.  If in the case just cited the words of the instruction had been that it was the duty of the railway company to ring the bell or sound the whistle they would clearly have carried the meaning that either would suffice.  But when the words used are that if the company failed to ring the bell or sound the whistle, then clearly a failure to do either is declared to be a breach of duty.  To declare that a failure to do either is a breach of duty is tantamount to a declaration that both must be done.  In this case the in-

struction is that if defendant "failed" to provide guard rails for the ditch or excavation, or to put up lights, "then such failure on the part of the city was negligence." It was clearly erroneous. It will be found on examination of the cases on this subject cited by plaintiff that the language of the instructions therein convey altogether different meaning from the one here considered.

We believe the instruction to be erroneous in declaring, as a matter of law, that it was negligence in the city to leave the trench unguarded or unlighted at the point of accident. There was no ordinance introduced making it necessary to guard or light such excavations, and we are not inclined to say in view of the location of the trench at that place and the "pass-way" left over it that there was negligence as a matter of law. Staples v. Town of Canton, 69 Mo. 592; Loewer v. Sedalia, 77 Mo. 431. There is ample evidence to support a finding of negligence if submitted to the jury, as was done in instruction number three, given for defendant, even as amended. We readily concede that there may be cases where from the facts it would be patent to every reasonable mind that the act of neglect or omission was negligent. In such case it may be so declared by the court. Fullerton v. Fordyce, 144 Mo. 519.

Although instruction number three for defendant as amended left the question of the defendant's negligence to the jury yet it would perhaps be as well to give it as offered.

With the exceptions noted the instructions placed the issues properly with the jury. The case has been in court a considerable time. Has been tried twice with the expense and harassment of many witnesses. It is such a case as calls for concessions by each party and ought to be adjusted. Reversed and remanded. *Smith P. J.,* concurs; *Gill, J.,* absent.