H. H. CAMP, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1902.

1. **Negligence: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY.** Plaintiff was injured by falling out of his wagon as he drove down a grade in a road on defendant's right of way near a railway crossing; he charged negligence in leaving the roadway in a dangerous condition; his evidence showed that a deep rut existed in the road on defendant's property and that plaintiff's wagon ran into the rut and threw him out. *Held*, that the questions of negligence in maintaining the approach to the crossing, and plaintiff's alleged contributory negligence, were for the jury.

2. **Cause of Action: BREACH OF DUTY: STATUTORY CONSTRUCTION.** A breach of duty prescribed by section 1103 (R. S. 1899), causing damages, creates a cause of action.

3. **Judicial Notice: PLEADING BASED ON STATUTE: PRACTICE, TRIAL.** Parties need not plead matters of judicial notice or facts which the law does not require to be proved. But Code pleadings based on a statute should refer to the statute in some general terms. If this is not done, and the pleading is not questioned before the trial, it is enough for a party to show facts which bring his case within the provisions of the statute.

4. **Error: JURY: TESTIMONY.** It is error to direct the attention of the jury to a cause of action which the testimony does not tend to prove directly or by reasonable inference.

5. **Damages: ELEMENTS OF DAMAGES: A QUESTION OF LAW.** What the proper elements of damage are in an action for injuries to plaintiff by negligence of defendant is a question of law.

6. **Personal Injuries: DAMAGES: INSTRUCTION.** In an action by plaintiff to recover for personal injuries caused by negligence it is error to instruct the jury that they may "assess his damages at such sum as they may think he has sustained," where a verdict for $1,700 ensues. Such an instruction is a "roving commission" to

the jury to apply their own measure of damage instead of that defined by law.

7. **Instruction: FACTS: ERROR: PRACTICE, TRIAL.** An instruction founded on facts which there is no evidence to support is erroneous.

8. **Instruction: PREJUDICIAL ERROR: PRESUMPTION.** Error in instructions is presumably prejudicial in the absence of a showing that it is harmless.

9. **Supreme Court: CONSTRUCTION OF LAW BY SUPREME COURT: PRACTICE, TRIAL.** When the Supreme Court construes a law and after that construction becomes well known the law is re-enacted, the construction is assumed to have been likewise adopted.

10. **Practice, Appellate: STIPULATION AS TO ERRORS.** Parties to an appeal may by stipulation correct errors in the appellate record to conform to the facts which occurred at the trial.

11. **Statutes: CONSTRUCTION.** A particular statute prevails over a more general law on the same topic.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

*George S. Grover* for appellant.

(1) This is a common-law action, and, hence, should not have been tried, as it was, upon the theory that there had been a technical violation of the statute. Nall v. Railroad, 97 Mo. 68. (2) The demurrer to the evidence should have been sustained. Yarnell v. Railroad, 113 Mo. 580; Moss v. Railroad, 86 Mo. 89; Henry v. Railroad, 76 Mo. 293; Hanlon v. Railroad, 104 Mo. 387; Cohn v. City of Kansas, 108 Mo. 393; Ray v. Poplar Bluffs, 70 Mo. App. 261. (3) The court gave improper instructions at the plaintiff's request. Obert v. Dunn, 140 Mo. 485; Carder v. Primen, 60 Mo. App. 427; Corcoran v. Railroad, 105 Mo. 406; McGowan v. Railroad, 109 Mo. 534; Linn v. Bridge, 78 Mo. App. 118; Hoh-

stadt v. Daggs, 50 Mo. App. 252. (4) The court gave erroneous instructions of its own motion. Hopper v. Hotel Co., 142 Mo. 378. (5) The verdict is so grossly excessive as to imply misconduct on the part of the jury. Chitty v. Railroad, 148 Mo. 64.

*Rosenberger & Son* and *H. W. Johnson* for respondent.

(1) Appellant first complains of the sufficiency of plaintiff's petition. The point is not well taken. The allegations of the petition are sufficient to support the action as tried. Nixon v. Railroad, 141 Mo. 425. (2) The law of Missouri is well settled that under a common-law count of negligence, statutory negligence may be shown. Hence, the court committed no error in admitting testimony to show appellant failed to construct a crossing as required by statute, and instruction No. 1 as prayed for by respondent correctly declared the law. Calvert v. Railroad, 34 Mo. 467; Iba v. Railroad, 45 Mo. 469; Minter v. Railroad, 82 Mo. 128; Boone v. Railroad, 20 Mo. App. 232. (3) The question of contributory negligence is one of mixed law and fact and should be determined by the jury, under the guide of proper instructions in the light of all attending circumstances. Fulks v. Railroad, 111 Mo. 335. (4) What an ordinarily prudent man would do under given circumstances must be left for the jury. It can not properly be declared, as a matter of law, that plaintiff failed to exercise care unless the facts exclude any other fair and reasonable inference. Jones v. Bond, 63 Mo. 501; Maus v. City of Springfield, 101 Mo. 613. (5) Plaintiff's instructions placed the case fairly before the jury and are undoubtedly the law, and well supported by the decisions of the appellate courts of the State. R. S. 1899, sec. 1103; Browning v. Railroad, 124 Mo. 55; Tetherow v. Railroad, 98 Mo. 74; Nixon v. Railroad, 141 Mo. 425; Kimes v. Railroad, 85 Mo. 611; Moberly v. Railroad, 17 Mo. App. 578. (6) The

estimation of damages is the province of the jury; and where their verdict is supported by substantial evidence, and it has met the approval of the trial judge, the appellate court will not interfere on the ground that it is excessive. George v. Railroad, 145 Mo. 38; Dammann v. St. Louis, 150 Mo. 186; Heart Pence v. Rodgers, 143 Mo. 623; Hollandback v. Railroad, 141 Mo. 97; Cobb v. Railroad, 149 Mo. 609.

BARCLAY, J.—This is an action to recover damages for personal injuries sustained by plaintiff, while passing along a public highway on defendant's right of way adjacent to a crossing of the highway over defendant's railway track in Montgomery county, Missouri, near the town of High Hill. The complaint of plaintiff is that the public road there was in a dangerous condition, because of defendant's negligence in the work of raising the grade of the road on the right of way to conform to defendant's elevation of the grade of its track at that place to a level about a foot higher than the former grade.

At the time of the accident, plaintiff was driving a wagon along the road on his way homeward from Jonesburg. As he came down the grade from the railway crossing, he was thrown out of his wagon and received serious injuries. He ascribes the mishap to the defective condition of the roadway on the defendant's land constituting the approach to the crossing.

The defendant denies the aforesaid charge of negligence and asserts that plaintiff's want of ordinary care directly contributed to his injury.

The case was tried in the circuit court with the aid of a jury, resulting in a verdict and judgment in favor of plaintiff for seventeen hundred dollars. Defendant has appealed in the usual way.

The evidence of plaintiff tended to show that that part of the public road which lay upon defendant's right of way and constituted the approach to the said crossing over defend-

ant's track, had in it a deep rut (which several of the witnesses called a "chuck hole") into which plaintiff's wagon ran as he drove down the incline from the tracks, and that owing to said defective condition of the roadway plaintiff's wagon upset and he received the injuries complained of.

The accident occurred between four and five o'clock p. m., October 7, 1899. Plaintiff's team of mules was moving down the incline at a brisk trot when the wagon ran into the rut and threw him out. Defendant claims that plaintiff's management of the team was negligent and that the accident might have been avoided by ordinary care on his part. With this defense is mingled a distinct intimation that plaintiff's conduct was somewhat affected if not inspired by preliminary libations which he is charged to have enjoyed on his visit to Jonesburg that afternoon.

The instructions given by the court at the instance of plaintiff are as follows:

"1. The court instructs the jury that it is the duty of every railroad company, or corporation, in this State, to construct a good and sufficient crossing, when its railroad is crossed by a public road, open and in use by the public, constructed of the material and in the manner following: on each side of each rail shall be laid and secured, spiked to the cross-ties, a plank of not less than ten inches in width, two inches in thickness, nor less than sixteen feet in length on all public roads, to be of good sound timber, the space between the inside planks to be filled with macadam or gravel, even with the top of the planks, with good and sufficient approaches thereto of equal width therewith and of easy grade, the same to be covered with gravel or macadam to a depth of not less than six inches and to be substantially and properly bound up to the planks required to be laid on the outside of each rail, and if the jury find that the defendant has failed or neglected or refused to construct such a crossing and approach, and by reason thereof while in the exercise of ordinary care

the plaintiff was injured, then the jury will find for the plaintiff and assess his damages at such amount as they may believe from the evidence he has sustained.

"2. If the jury find from the evidence in the cause that the defendant in raising its railroad track at the crossing in question, left the south approach to said crossing in such defective, dangerous and hazardous condition as to render travel with wagons and horses thereover unsafe and hazardous, and that in consequence thereof the plaintiff, while passing over the south approach of said crossing in his wagon, was violently thrown therefrom to the ground and his ear greatly lacerated and almost severed and otherwise injured, then the jury will find for the plaintiff, and assess his damages at such sum as they may think he has sustained, not exceeding $2,500.

"3. The court instructs the jury that when a railroad crosses a highway or public road, already existing, it is the duty of the railroad company to make a good, convenient and safe crossing, so far as it can do so by ordinary care and diligence, so as to enable the traveling public to pass over the same without injury resulting from the negligence of defendant; and if the jury find from the evidence that the defendant failed and neglected to so construct the crossing and south approach in question, and by reason thereof the plaintiff in passing over said crossing and south approach was thrown from his wagon and injured, then the verdict should be for the plaintiff and the jury will so find.

"4. The jury are instructed that it was the duty of the defendant in raising its track at the crossing in question to level the said crossing and approaches thereto in such condition as to render travel thereon by the public easy, convenient and safe, so far as ordinary care and diligence could make it so; and if the jury find that the defendant failed and neglected to so leave said crossing and south approach thereto, and in consequence thereof and by reason thereof the plaintiff, while attempting to pass over said crossing and approach

with his wagon and team, was thrown from his said wagon to the ground and was injured thereby, then the verdict should be for plaintiff and the jury will so find, and assess his damages at such sum as they may find he has sustained, not exceeding $2,500.

"5.   The court instructs the jury that a traveler on a public road, when the same passes over a railroad track, is not required to look particularly to see that it is free from defects, but is only required to exercise ordinary care in crossing defendant's railroad track at the crossing in question and if plaintiff exercised ordinary care in crossing defendant's railroad track at the crossing in question, and in consequence of such defects in the construction of such crossing and south approach, he was thrown from his wagon and injured, then he is entitled to recover."

The instructions on behalf of defendant are as follows:

"2.   If the jury find from the evidence in this case that after defendant raised its track at the time and place in question that its crossing over said track, as well as the approaches thereto, were then and there in good condition, but that the county authorities of Montgomery county then and there had failed to make proper connection with said approaches and said crossing on the county road, then and there under the sole control of said county authorities, and if they find from said evidence that whatever defect if any existed in said highway, at said time and place, was occasioned by reason of said county authorities of Montgomery county failing to make a proper or safe connection in said county road with the crossing and approaches thereto, constructed by the defendant, whereby in driving down said approach the plaintiff was then and there thrown out of his wagon on the county road, or at the junction thereto with the approach to defendant's crossing, occasioned by said failure of said county authorities to make a proper and safe connection between said county road and said crossing as aforesaid, then they are instructed that

plaintiff is not entitled to recover on account of said injury, and your verdict must be for the defendant.

"3. The jury are instructed that the defendant had a lawful right to either raise or lower its track at the place in question, at any time whenever, in its judgment, the interests of the traveling public and the line of railroad then owned and operated by the defendant required such change in track; and if the jury find from the evidence in this case that the crossing constructed by the defendant after its track was raised as aforesaid, as well as the approaches thereto, were in proper and safe condition on the seventh day of October, 1899, and the plaintiff was not injured either upon said crossing, or upon said approach, by reason of any defect or imperfection in said crossing or said approach, then they are instructed that the plaintiff is not entitled to recover in this action, and your verdict must be for the defendant."

The court gave some further instructions modifying requests of defendant, but we omit copying them in view of the result we shall announce.

1. A question is raised concerning the effect of the pleadings. Omitting formal passages, the petition charges that defendant, in the fall of 1898, raised its roadbed in Montgomery county, Missouri, "and in doing so, without authority of law, it changed the public roads wherever the railroad track crossed the highway at its railroad crossings, and carelessly and negligently left the public roads in an unsafe and dangerous condition wherever the same crosses the railroad track.

"That the defendant near its milepost seventy-five in Montgomery county, Missouri, where the defendant's railroad crosses the Boonslick road, it being a public highway, changed, altered and raised the public road and negligently and carelessly left the same in such a dangerous and hazardous condition that the plaintiff, while crossing the aforesaid railroad crossing on defendant's right of way, at the junction of its approach with the county road, with a team on the seventh

day of October, 1899, was thrown out of his wagon on the public road, and the defendant's right of way, at the railroad crossing aforesaid, in consequence of which his left ear was cut off and was only hanging by a thread, and he is now maimed for life," etc.

The answer admitted that defendant was a corporation, denied the other allegations of the petition and added a plea of plaintiff's contributory negligence.

The new matter in the answer was put in issue by the reply.

The defendant's contention is that the court erred by giving the first instruction above quoted, in this: that the action is founded upon defendant's common-law liability and not upon a breach of a statutory duty imposed by section 1103 (R. S. 1899), whereas the instruction defines defendant's duty according to the precepts of the statute law on that subject. Defendant insists that it was error for the trial court to instruct the jury as to the kind of crossing required by said statute, inasmuch as the petition makes no reference to the statute. Plaintiff replies that it was not necessary for the petition to refer to the statute.

Several parts of our code of procedure bear on this contention. It is declared generally that "matters of which judicial notice is taken" need not be pleaded (R. S. 1899, sec. 631), and that no allegation shall be made "which the law does not require to be proved" (R. S. 1899, sec. 610). Those terms of the code would dispense with the pleading of a domestic statute in a civil action, for such a statute falls within reach of those terms. But those code provisions are general enactments, including within their purview statutes and many other matters. There is, however, a more particular provision pointing to statutes only. It is a fixed rule of interpretation that a particular or special enactment will control as against one of larger scope, unless the interpreter can discern

the legislative purpose to be otherwise. Dart v. Bagley, 110 Mo. 42; Roth v. Gabbert, 123 Mo. 21.

The definite or particular section touching the pleading of statutes in civil cases is this (R. S. 1899, sec. 633):

"It shall not be necessary, in any pleading, to set forth any statute, public or private, or any special matter thereof; but it shall be sufficient for the party to allege therein that the act was done by the authority of such statute, or contrary to the provisions thereof, naming the subject-matter of such statute, or referring thereto, in some general terms, with convenient certainty."

As early as 1870 the foregoing section was construed by the Supreme Court to mean that "it is only necessary for the party seeking to avail himself of it to state facts which bring his case within the provisions of the statute, though according to the rules of good pleading he ought to refer to it." Kennayde v. Railroad, 45 Mo. 258. That ruling was repeated and approved in Reynolds v. Railroad, 85 Mo. 90. Since those interpretations became well known, through the official reports of the Supreme Court, section 633 has been re-enacted (R. S. 1889, sec. 2078; R. S. 1899, sec. 633). It is our duty, therefore, to assume (in the absence of any exhibition of a different intent) that the re-enactment of the law embodied the construction which the courts had notoriously put upon the language used. Handlin v. Morgan County, 57 Mo. 116. All that plaintiff was required to do, in the case at bar, was to state facts which brought his complaint within the statute, by showing that defendant had omitted some duty defined by the statute. This he did, and that was enough (under the rulings above cited) in the absence of any questioning of his pleading by defendant before the trial.

If the approach to the track on defendant's right of way was dangerous for ordinary use, owing to want of care on defendant's part in maintaining it in a reasonably safe condition for the passage of vehicles over the crossing, then defend-

ant would be liable for any resulting injury to persons exer-
cising ordinary care driving along the public road there, be-
cause of the breach of duty imposed by the statute concerning
the maintenance of a proper approach to the crossing.

The first instruction given for plaintiff and complained
of by defendant required a finding of a number of facts which
were wholly unnecessary to plaintiff's recovery. The ma-
terial part of the instruction (so far as it bore upon defend-
ant's duty) was that good and sufficient approaches to the
crossing proper should be maintained, "of easy grade, the same
to be covered by gravel or macadam to a depth of not less than
six inches," and the jury were authorized to conclude that
any deficiency of the crossing or approach to meet the stat-
utory requirements might be found by them to be a cause of
plaintiff's injury. That instruction was far too sweeping.
There was no testimony before the court to warrant an infer-
ence that any other breach of duty concerning the structure
of the crossing or approach contributed to plaintiff's injury,
except the lack of a proper statutory surface to the approach
down which plaintiff was driving, shown by the presence of
the rut or "chuck hole."

It is not correct practice to give an instruction authoriz-
ing a finding unwarranted by any reasonable inference from
the testimony before the court.   Stokes v. Distillery Co., 64
Mo. App. (St. L.) 420; Culbertson v. Railway, 140 Mo. 35.

It has been held error to direct the attention of the jury
to a cause of action which the testimony does not support.
Colliott v. Manuf. Co., 71 Mo. App. (St. L.) 163.

As the judgment must be reversed on another ground, we
need not pause to discuss this instruction further. It can
be readily limited, upon a new trial, to conform to our sugges-
tions.

2.   Defendant has criticised the first instruction in
another point, namely, that it is defective in permitting a
recovery by plaintiff without requiring a finding that he was

exercising ordinary care at and before the time of his injury. But that issue has been removed from the case by a stipulation on behalf of both parties (submitted since the cause was taken under advisement), by which counsel, with highly praise-worthy frankness, have corrected the record to conform to the facts and have thus presented to the court the terms of the original instruction from which the copy we have used in this opinion has been made.

The amendment to the transcript so made disposes of the objection on this point, since it discloses that there was no such defect in the instruction as given, although the appellate record showed the omission as claimed.

3. Defendant further asserts that the plaintiff should have been forced to a nonsuit because of his own contributory negligence. We need not particularly review the facts on this branch of the case. As the case is to be retried we will not comment on the evidence further than to say that it makes the issue of plaintiff's exercise of care a question of fact for the decision of the jury under proper instructions.

4. Defendant complains of the instructions given on behalf of the plaintiff declaring the measure of damages.

In the first instruction the jury were told, if they found for the plaintiff, that they would "assess his damages at such amount as they may believe from the evidence he has sustained."

In the second instruction the jury were informed that, on finding for the plaintiff, they should "assess his damages at such sum as they may think he has sustained, not exceeding $2,500."

In the fourth instruction it was said that if the verdict should be for plaintiff they would "assess his damages at such sum as they may find he has sustained, not exceeeding $2,500."

The defendant insists that none of the foregoing instructions properly defines the true measure of damages gov-

erning plaintiff's recovery, in the event he is entitled to recover. This is a topic which has been considerably discussed in Missouri in recent years. The law concerning it is too firmly embodied in precedents to require much discussion now.

What are the proper elements of damage in an action of this kind, is a question of law concerning which it is the duty of a court to instruct the jury correctly, if at all. Haysler v. Owen, 61 Mo. 270; Morrison v. Yancey, 23 Mo. App. (St. L.) 670; Wilburn v. Railway, 26 Mo. App. (St. L.) 203. Mere vagueness of instruction on this point has been tolerated, sometimes; but appellate courts steadily set their faces against the practice of issuing "a roving commission" to juries to establish their own standards of damages in place of those defined by the rules of law. A commission to "think" the damages is truly boundless. Railway v. May, 33 Ill. App. 366.

The worst form adopted by the court, in the case at bar in dealing with this subject, was that followed in the second instruction, which told the jury to assess such damages for plaintiff "as they may think he has sustained, not exceeding $2,500" (the amount claimed in the petition). The direction just quoted left the jury entirely at sea concerning the proper elements of recovery. Nothing in the other instructions can fairly be said to have cured or even qualified the language just mentioned. That such a mode of instruction is objectionable and constitutes reversible error where injurious results follow, is too clear for argument in view of the Missouri authorities. Stephens v. Railroad, 96 Mo. 207; Flynt v. Railway, 38 Mo. App. (K. C.) 94; Badgley v. St. Louis, 149 Mo. 122.

5. The amount of the verdict ($1,700) is sufficiently large to dispose of any claim that might be made that said error is harmless. We are not convinced that it is. In the absence of a satisfactory showing that error is harmless, we

must conclude that it is prejudicial to the party against whom it bears in the particular case. Gray v. Parker, 38 Mo. 166; State v. Taylor, 118 Mo. 153.

The judgment is reversed and the cause remanded. *Bland, P. J.*, and *Goode, J.*, concur.