BERTHA GERBER, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. MUNICIPAL CORPORATIONS: Defective Sidewalk: Pleading: Aider by Verdict. A petition defective in not averring knowledge of the defect in a sidewalk in time to repair it before the injury is held to be cured by the verdict since the question of sufficient time to repair depends on the attending facts and circumstances and was for the jury.

2. ————: ————: Instructions: Time to Repair. Instructions set out in the petition are condemned because they fail to submit the question whether the defendant had knowledge of the alleged defect in time to repair same before the accident.

3. ———: ———: **Guarding Defect.** Said instructions are likewise faulty in that they impose on the defendant the duty to keep the place guarded or lighted since such failure is not ˉnegligence *per se*, but is a question for the jury under the evidence.

4. ———: ———: ——ˉ—: **Departure: Evidence.** Said instructions were likewise faulty in departing from the specified negligence of the petition and are unsupported by the evidence.

5. ———: ———: ———: **Prejudice.** In the absence of a satisfactory showing that error is harmless, it must be concluded that it is prejudicial.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge. •

REVERSED AND REMANDED.

*R. J. Ingraham,* City Counselor, and *L. E. Durham* for appellant.

(1) Plaintiff's instructions 3 and 4 are erroneous, in that they declare as a matter of law that in this case a failure to erect barriers or signals was negligence. For this error this case should be reversed. Campbell v. Stanberry, 85 Mo. App. 159; Staples v. Trenton, 69 Mo. 592; Loewer v. Sedalia, 77 Mo. 445; Chicago v. Baker, 195 Ill. 54; O'Malley v. Parsons Borough, 191 Pa. St. 612. (2) Before a failure to erect barriers or signals around a hole in a sidewalk is negligence as a matter of law, there must be some law or ordinance requiring the erection of same. Skinner v. Stifel, 55 Mo. App. 9; Campbell v. Stanberry, 85 Mo. App. 159; Myers v. Kansas City, 108 Mo. 480; Sanders v. Railroad, 147 Mo. 411; Jackson v. Railroad, 157 Mo. 621; Weller v. Railroad, 164 Mo. 180. (3) Said instructions in their reference to barriers and signals depart from the negligence pleaded, and are not supported by the evidence in this respect. Chitty v. Railroad, 148 Mo. 64; Hayne v. Trenton, 108 Mo. 123; Kennedy v. Railroad, 70 Mo. 252; Ely v. Railroad, 77 Mo. 34; Melvin v. Railroad, 89

Mo. 106; Price v. Railroad, 72 Mo. 414; Edens v. Railroad, 72 Mo. 212; Gurley v. Railroad, 93 Mo. 445. (4) Plaintiff's instructions are erroneous because they do not require the jury to find that defendant city knew of the defect in the sidewalk in time to have repaired same before the accident. Badgley v. St. Louis, 149 Mo. 122; Baustain v. Young et al., 152 Mo. 317; Young v. Webb City, 150 Mo. 342; Burleson v. Krouse, 64 Ill. 19; Elliott on Streets and Roads . (2 Ed.), 631. (5) Defendant's motion in arrest of judgment should have been sustained because plaintiff's petition does not state that defendant city knew of the defective walk in time to have repaired same before the accident. Badgley v. St. Louis, supra; Baustain v. Young, supra; Young v. Webb City, supra; Centralia v. Krouse, supra; Elliott on Streets and Roads, supra.

*Alden & McFadden* and *Fyke Bros., Snyder & Richardson* for respondent, filed argument.

SMITH, P. J.—This is an action which was brought to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. The plaintiff had judgment in the court below and defendant appealed. The defendant assails the judgment on the ground that the petition fails to state facts sufficient to constitute a .cause of action. The negligence upon which plaintiff bases her right to recover is alleged in the fifth paragraph of that pleading in this way, viz.: "defendant neglected its duty in this regard and negligently permitted said sidewalk . . . to become and remain out of repair, and permitted some of the boards or planks of which said sidewalk was constructed to become and remain displaced, rotten and broken, so that holes existed in said sidewalk to such an extent that it became unsafe at said place for ordinary travel to such an extent as to endanger life and

limb, and that defendant negligently permitted said sidewalk at said place to remain in such unsafe and dangerous condition by reason of *said defects for a long period of time prior and up to the 15th day of July, 1901, and at the time the injuries complained defendant knew, or by the exercise of ordinary care might have known, of the defective and dangerous condition of said sidewalk.*"

The fact that the defendant had either actual or constructive notice of the defect in the street at the time the accident happened is not *per se* sufficient to show liability.    More is required to establish a *prima facie* case.    Before the defendant can be held liable it must be alleged and shown that it not only had notice of the defect at the time of the accident, but that it had such notice a sufficient length of time before it happened to afford it a reasonable opportunity to repair and a refusal to do so.    As to what would be a sufficient length of time in which to afford an opportunity to make needed repairs in any given case would depend upon the attending facts and circumstances of that case, and most generally would be an issue to be left to the jury.    It may thus be seen that the allegation while defective is good after verdict and judgment.    Doherty v. Kansas City (decided at this term).            •

The defendant objects that the court erred in giving plaintiff's second and third instructions which told the jury that: (2) "It was the duty of the defendant city to maintain and keep its streets and sidewalks in a reasonably safe condition for the passage of persons traveling thereon, and not to erect barriers or signals to warn persons passing along said streets or sidewalks of defects or dangerous places, if any exist therein, and said defendant is liable in damages to any one who suffers injury by reason of neglect to perform this duty. A person traveling upon a street or sidewalk of said city has the right to assume that such street or sidewalk is in a reasonably safe condition, and to act upon that pre-

sumption, relying upon the belief that such street or sidewalk is kept and maintained in a reasonably safe condition for travel thereon, and properly protected by barriers, or signals, to give warning of defects or dangerous places which may exist therein."

3. ". . . that the sidewalk at the place where the plaintiff claims to have been injured was defective, and that such defect, if any, had existed for such length of time that by the exercise of reasonable and ordinary care and prudence it should have been known to the officers or agents of said city whose duty it was to keep said sidewalk in proper repair and condition, and that at the time said plaintiff claims to have been injured there was no barrier, or signal, to prevent persons traveling upon said sidewalk from crossing said place, or to warn them of danger in crossing, or attempting to cross said place, and do further believe from the evidence that said plaintiff while traveling upon and along said sidewalk in an ordinarily careful and prudent manner stepped into a hole in said sidewalk and was thereby injured, then the plaintiff will be entitled to recover from the defendant herein such damages as the evidence shows she has sustained by reason of such injury, not exceeding the amount claimed in her petition, viz: $5,-000."

One of the objections urged is the same as that to the petition: that is to say, that they did not require the jury to find that defendant had notice of the defect in the sidewalk in time to have repaired it before the accident happened. This objection, we think, is insuperable. And the other urged is, that they—the instructions—declared as a matter of law that the failure to erect a barrier or signal at the place where plaintiff was injured to prevent persons from traveling upon the sidewalk and from crossing said place, or to warn them of danger in doing so, was negligence. There was nothing either in the petition or evidence to authorize this expression of the law. There was no ordinance of

defendant introduced in evidence which imposed upon it the duty to keep the place where the plaintiff was injured guarded or lighted and the instruction declaring such to have been defendant's duty was erroneous. Campbell v. Stanberry, 85 Mo. App. 159. Certainly such omission is not negligence *per se;* whether such omission will in any given case amount to negligence is for the jury to determine from all the circumstances. Staples v. Canton, 69 Mo. 592.

The instructions in referring to signals and barriers departed from the negligence specified in the petition and besides were without any evidence to support them. For these reasons they were vicious and should not have been given.

It is suggested by the plaintiff, even though such instructions were erroneous, the error was not prejudicial. In the absence of a satisfactory showing that error is harmless we must conclude that it is prejudicial to the party against whom it is committed. Skinner v. Stifel, 55 Mo. App. 9; Camp v. Railway, 94 Mo. App. 284; Doyle v. Trust Co., 140 Mo. 1. We are not satisfied that these instructions, telling the jury that it was the duty of the defendant to erect a signal or guard at the *locus in quo* and if it failed to perform that duty it was guilty of negligence, were not misleading and prejudicial.

The judgment will accordingly be reversed and the cause remanded. All concur.