## JOSEPHINE JACKSON, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, March 7, 1904.

1. **MUNICIPAL CORPORATIONS: Obstruction in Street: Barriers and Lights: Instruction.** An instruction relating to a city's duty in guarding a ditch in the street is condemned since it required the municipality to guard it by both barriers and lights.

2. ———: ———: **Common Law and Ordinance: Negligence.** It is a question for a jury to say whether a municipality is negligent in the precaution it takes to guard a ditch in its streets where the action is at common law and not based on an ordinance of the city.

3. ———: ———: **Evidence: Instruction.** An instruction relating to the removal of lights and barriers without the city's fault is held improper for want of evidence to justify it.

4. ———: ———: **Contributory Negligence: Instruction.** A citizen in the use of the streets should use his senses and exercise ordinary care and the jury should be so advised.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*R. J. Ingraham,* City Counselor, and *L. E. Durham* for appellant.

(1) What were reasonable precautions in this case for the protection of the traveling public, was a question that should have been left for the jury to decide. Plaintiff's instruction No. 1 erroneously declares as a matter of law that it was the duty of defendant to erect barriers mounted with lights. Campbell v. Stanberry, 85 Mo. App. 159; Staples v. Trenton, 69 Mo. 592; Loewer v. Sedalia, 77 Mo. 445; Chicago v. Baker, 195 Ill. 54; Omalley v. Parsons Borough, 191 Pa. St. 612; Howard v. Menden, 117 Mass. 590. (2) Said instruction is further erroneous in that it requires both barrier and lights to be erected. Campbell v. Stanberry, supra. (3) Plaintiff's action is not based upon the ordinance requiring barriers and lights, therefore an instruction was erroneous which declares a failure to comply with the same as negligence *per se*. Skinner v. Stifel, 55 Mo. App. 9; Campbell v. Stanberry, supra; Sanders v. Railroad, 147 Mo. 411; Jackson v. Railroad, 157 Mo. 621; Weller v. Railroad, 164 Mo. 180. ` (4) The court erred in modifying defendant's instruction No. 3. Cohn v. Kansas City, 108 Mo. 393; Lincoln v. Calvert, 39 Neb. 305. (5) The court erred in modifying defendant's instruction No. 4. Tuffree v. Center, 37 Iowa 538. (6) The court's refusal to give defendant's instruction No. 7 is reversible error. Myers v. Kansas City, 108 Mo. 480; Ball v. Independence, 41 Mo. App. 475.

*W. T. Latham* and *Theo. L. Carns* for respondent.

. (1) The plaintiff's first instruction is correct. In the first place, it does not declare that the failure of appellant to provide lights and barriers was negligence *per se,* or as a matter of law. Loewer v. Sedalia, 77 Mo. 437. (2) But, even though this instruction had declared that, leaving these trenches without barriers or lights was negligence *per se,* or as a matter of law, it would not be erroneous. Fullerton v. Fordyce, 144 Mo. 519. (3) In sections 861 and 862, of the Revised Ordinances of

1898, introduced in evidence in this case, the city prescribes what is a reasonable precaution for the protection of the traveling public, and if the trenches were not protected in accordance with these ordinances, then defendant was guilty of negligence as a matter of law; as much so as a railway company would be in running its trains in violation of law. Robertson v. Ballard, 84 Mo. 119; Fusili v. Railway, 45 Mo. App. 536; Winsor v. Railway, 45 Mo. App. 124. The fact being conceded, the conclusion of negligence is a matter of law. (4) The action of the trial court in modifying appellant's third instruction was harmless. The right of the city to use its streets, as set out in this instruction, is nowhere questioned, and no issue of this kind was raised in the trial of the case. (5) The modification of appellant's fourth instruction was likewise harmless. Skinner v. Stifel, 55 Mo. App. 15. (6) The fourth point of appellant's objection, being with reference to its seventh instruction, which the court refused, is fairly answered in our discussion of appellant's first objection.

BROADDUS, J.—The plaintiff's case upon which she relies to recover is substantially as follows: On the night of January 19, 1900, having heard an alarm for fire, in company with her sister-in-law she went to the southeast corner of the Paseo and Tenth street in defendant city, at which point she learned that there was no fire but that a horse had fallen into a ditch dug in Tenth street by the Metropolitan Street Railway Company. She then started north to go across said street to the place where the horse was in the ditch, when she encountered said ditch (which ran east and west in said street) and fell into it. She claimed that the ditch was seven or eight feet deep and about four feet wide; that it was a dark night; that there were no lights or barriers placed about it to give her warning; and that the only light in the neighborhood was a gas lamp at the street corner which did not show at the excavation.

Several witnesses corroborated plaintiff as to the fact that the excavation was not lighted. An ordinance of the city was introduced as evidence requiring all excavations in or near a street to be enclosed in the night time with "good, substantial and sufficient barriers not less than three feet high," with a red light at each end in such a position as to shed light upon such excavation.

The evidence also tended to show that plaintiff was injured as the result of her fall. The excavation was made by said street railway company for the purpose of putting under ground its electric feed wires, and was located between its tracks laid in Tenth street. The defendant's evidence went to show that it was two feet four inches wide and was in sections of then or twelve feet in length with intervening spaces which were connected by tunneling. While the excavation was in progress the operation of the street cars was continued. The defendant's foreman testified that the excavated earth was piled up along on the north side of the ditch to the height of several feet, and that on the evening in question lights had been set thirty feet apart on the unexcavated part of the ditch and that lights had also been placed on the earth along the north side thereof. David Wilson, the contractor, testified that he kept a watchman at the place. Other evidence was to the effect that the lights were in place at the time plaintiff fell into the ditch.

The jury returned a verdict for the plaintiff for $500.

Defendant complains of the action of the court in the giving and refusing instructions. Instruction number one is as follows:

1. "The court instructs the jury that if you believe from the evidence that prior to January 19, 1900, Kansas City authorized the Metropolitan Street Railway Company to dig a trench or ditch in and along Tenth street from Grove street to Flora avenue, in Kansas City, and that said company by its contractors did

dig a trench in said street pursuant to said authority of defendant, then defendant had knowledge of the condition of said street, and it became and was the duty of the defendant to protect said trench or ditch with barriers around same and place lights thereon to warn passersby of the danger, and if you further believe from the evidence that on January 19, 1900, at about 9 o'clock in the evening, said trench or ditch was not protected with barriers around same and with lights thereon as aforesaid, and that the plaintiff in passing along or across said street fell into said trench or ditch and was injured, then your verdict will be for the plaintiff, provided you further believe from the evidence that plaintiff at the time she fell into the trench or ditch was not guilty of negligence directly contributing thereto, and provided that you further believe from the evidence that said trench or ditch in said street without barriers and lights as aforesaid rendered said street unsafe and dangerous to pedestrians at the time of plaintiff's fall, if she fell into said trench or ditch.'' A similar instruction was held bad by this court in Campbell v. Stanberry, 85 Mo. App. 159, for the reason that it imposed upon the city the dual duty of putting up both guards and lights; and further, it was faulty in declaring, as a matter of law, that it was negligence in the city to leave the trench unguarded or unlighted at the point of danger.

The petition is not bottomed upon the failure of defendant to construct barriers and have lights to guard the ditch, as provided by ordinance, as was the case in Skinner v. Stifel, 55 Mo. App. 9. This is an action at common law for negligence notwithstanding it alleged that the defendant failed in its duty to erect barriers and place lights, as no ordinance is pleaded. In such cases proof of dereliction in that respect is evidence of negligence, but it does not constitute negligence *per se*. Said instruction contains two errors, viz.: It requires that defendant should have provided both the barriers

and lights, and that its failure in that respect constitutes negligence *per se*. It was therefore a question for the jury and not for the court to say whether the failure of the defendant in so guarding the ditch was or was not negligence. And under the pleadings, it was the duty of the jury under proper instruction to say whether defendant was negligent in the precaution it did take to guard the ditch or whether it was due care or what the necessary precaution should have been. Fusili v. Railway, 45 Mo. App. 535; Weller v. Railway, 164 Mo. 180; Campbell v. Stanberry, supra.

The refusal of the court to give instructions numbered three and seven asked by appellant was not error. The theory of said instructions is that if the barriers and lights were provided to guard the trench and that they had been removed before plaintiff fell into the ditch, without defendant's fault, the plaintiff was not entitled to recover. They were not based upon the facts. The evidence did not show that the barriers were provided. The court modified defendant's instruction number four, which was as follows: "The court instructs the jury that it is the duty of people travelling upon the streets of the city to use ordinary care and to use their eyes and other senses to avoid any defects in the streets which are obvious or which they could discover by the exercise of ordinary care," etc. The modification consisted in omitting the words, "to use their eyes and other senses." In a recent opinion of the Supreme Court, not yet reported (David E. Wheat v. City of St. Louis), the court uses the following language:

"While the city owes the citizen the duty to keep the highways reasonably safe for persons to pass over, the citizen owes the city the duty to use his God given sense, and not to run into obstructions that he is familiar with, or which by the exercise of ordinary care he could discover and easily avoid."

Under this ruling defendant's instruction was

proper and the court was not authorized to weaken its force by leaving out the said words.

For the errors noted the cause is reversed and remanded.