PARKLETON, Respondent, v. PUGSLEY, Appellant.

St. Louis Court of Appeals, October 18, 1904.

1. **APPELLATE PRACTICE:** Error Presumed to be Prejudicial. Error is always presumed to be prejudicial to the rights of the party against whom it is committed, except in instances where it clearly appears that it could not have misled the jury or changed the result.

2. ——: ——: **Exemptions.** In an action for damages caused by the seizure and sale under execution of property claimed by plaintiff to be exempt, an instruction, otherwise correct, which authorized a recovery, without requiring the jury to find that the property taken by the constable could have been legally claimed as exempt from execution, or that it was all the property owned by the plaintiff, was erroneous requiring a reversal.

Dissenting Opinion by Bland, P. J.

1. ——: Harmless Error: Exemptions. In an action for damages caused by the seizure and sale under execution of property claimed by the plaintiff to be exempt, an instruction which authorized a recovery without requiring the jury to find that the property was such as plaintiff could have claimed exempt, or that it was all the property which plaintiff had, from which he could take his exemptions, is open to criticism, but the error was not prejudicial where the evidence was all one way to the effect that the property taken comprised all the property of which plaintiff was possessed, except his household goods.

2. ——: ——: Where a judgment was clearly for the right party, notwithstanding such error in the instruction, it should be affirmed.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,*
Judge.

REVERSED AND REMANDED.

*Mozley & Wammack* and *G. R. Daugherty* for appellant.

The court should have given defendant's instruction at the close of the case that under the pleading and evidence of the whole case the verdict should be for the defendant. This was not a case for the jury under the pleadings and evidence, and the court erred in not so instructing them. Groll v. Tower, 85 Mo. 249. The evidence must correspond with the allegations. Raming v. Railway, 157 Mo. 506, 57 S. W. 268.

*H. S. Green* for respondent.

The instruction given for the plaintiff correctly declares the law. Padgitt v. Moll, 159 Mo. 143, 60 S. W. 195; Caris v. Nimmons, 92 Mo. App. 66; McVey v. Barker, 92 Mo. App. 498; Jackson v. Fulton, 87 Mo. App. 228, 60 S. W. 121.

STATEMENT.

By this action plaintiff is striving to recover actual and punitive damages for violation of his rights of exemption in personalty charged to have been wrongfully seized and converted by defendant. The amended petition exhibiting plaintiff's cause of action is in the following form:

"That at the county of Stoddard and State of Missouri, about August, 1901, the defendant wrongfully, unlawfully, forcibly, wantonly and maliciously, without the consent and against the will of the plaintiff, took into his possession and converted to his own use, the described personal property and effects, which was all that plaintiff then owned, to-wit: Eight horses, three log

wagons, six milch cows, and four head of neat cattle of the reasonable market value in the aggregate of twelve hundred dollars; that plaintiff was then and there a householder and the head of a family and then and there resided with his said family in the county of Stoddard and State of Missouri, and was then and there entitled to hold exempt from the demands of his creditors on execution and attachment, three hundred dollars worth of said personal property, and then and there informed the defendant of his rights to said exemptions and requested the defendant to set apart and leave for him three hundred dollars worth of said personal property to satisfy his said exemptions."

The testimony established that plaintiff was the head of a family, and that defendant, after recovery of judgment before a justice against plaintiff, had execution issued and a levy made upon the property involved by the constable, who had not apprised plaintiff of his exemption rights, but plaintiff had asserted them and demanded before the sale that $300 worth of the property seized should be allotted to him as exempt, which was refused. Mortgage liens had been placed on the property by plaintiff to the extent of $250 which defendant paid to facilitate sale by the officer. The cause was tried before a jury, six in number by agreement, and at close of the testimony the court rejected an instruction directing a verdict for defendant and instructed as follows:

"The court instructs the jury that if you believe and find from the testimony in this case that at the time the constable took the property mentioned in plaintiff's petition from plaintiff and that the defendant was present advising, assisting, abetting and commanding, the constable to take the property mentioned in plaintiff's petition from the plaintiff—if you find that the constable did take the property—and the plaintiff was the head of a family at that time, you will find for the plaintiff and assess his actual damages not to exceed three

hundred dollars, and assess his punitive damages at such sum as you may believe from the evidence will be sufficient to punish him for his wrong and deter others from like conduct in the future.''

The jury found for plaintiff and rendered a verdict for $300 actual damages only.

REYBURN, J. (after stating the facts).—1. Amongst other objections urged against the instruction in behalf of plaintiff, it is assailed as defective in not requiring the jury to find that the property taken by the constable could have been legally claimed as exempt from execution or that it was all the property owned by the plaintiff, from which he could claim his statutory exemptions. This court has repeatedly held that while not empowered to reverse judgments for non-prejudicial errors, error is always presumed to be prejudicial and that before an appellate court is justified in pronouncing it to be harmless, it devolved upon the respondent to make clearly apparent that such error worked no injury to the opposite party. Skinner v. Stifel, 55 Mo. App. l. c. 13. The doctrine has been reiterated by the Supreme Court to the like effect, that error is esteemed prejudicial to the rights of the party against whom it is committed, except in instances where it clearly appears that it could not have misled or influenced the jury or changed the result. Doyle v. M. K. & T. Trust Co., 140 Mo. l. c. 20, 41 S. W. 255. Employing the language of perhaps the last expression of an appellate court in this State, ''In the absence of a satisfactory showing that error is harmless, we must conclude that it is prejudicial to the party aginst whom it is committed.'' Gerber v. Kansas City, 79 S. W. 717. The silence of the instruction in the essential elements noted can not confidently be affirmed to have worked no detriment to defendant nor to have failed to influence the result of the trial. With such conclusion attained it is rendered needless to weigh the contention that the testimony ad-

Parkleton v. Pugsley.

duced fail to sustain the charges of the petition as the infirmities of the latter may be remedied by amendment before retrial. The judgment is accordingly reversed and the cause remanded. *Goode, J.,* concurring, *Bland, P. J.,* dissenting.

### DISSENTING OPINION.

BLAND, P. J.—I dissent from the majority opinion and express my individual views in the following statement and opinion:

Omitting caption the petition is as follows:

"Now comes William Parkelton, the above-named plaintiff, leave of court having first been obtained, and files this his first amended petition, and for his cause of action states as follows, to-wit:

"That at the county of Stoddard and State of Missouri, about August, 1901, the defendant wrongfully, unlawfully, forcibly, wantonly and maliciously, without the consent and against the will of the plaintiff, took into his possession and converted to his own use, the described personal property and effects, which was all that plaintiff then owned, to-wit: Eight horses, three log wagons, six milch cows, and four head of neat cattle of the reasonable market value in the aggregate of twelve hundred dollars; that plaintiff was then and there a householder and the head of a family and then and there resided with his said family in the county of Stoddard and State of Missouri, and was then and there entitled to hold exempt from the demands of his creditors on execution and attachment, three hundred dollars worth of said personal property, and then and there informed the defendant of his rights to said exemptions and requested the defendant to set apart and leave for him' three hundred dollars worth of said personal property to satisfy his said exemptions.

"Premises considered, plaintiff prays judgment as follows, to-wit: For his actual damages, the sum of

twelve hundred dollars, for his punitive damages the sum of three thousand dollars."

Though inartificially drawn, inferentially the petition shows that plaintiff seeks to recover three hundred dollars, the value of his exemption rights in personal property alleged to have been wrong'fully seized, levied upon and sold on execution, and exemplary damages for the willful and malicious wrong by defendant in denying him his legal rights in the property. The evidence is that defendant recovered judgment against plaintiff, before a justice of the peace, for about one hundred and eighty dollars, upon which an execution was issued and delivered to the constable, who, by direction of the defendant, levied upon all the property described in the petition. This property was under mortgages given by plaintiff for about two hundred and fifty dollars. These mortgages the defendant paid to the holders in order to enable the constable to sell on the execution. The property was all sold by the constable on the execution and brought at the sale nine dollars over and above the mortgages and the defendant's judgment and costs, which excess of nine dollars the constable testified, he applied on another execution in his hands against defendant for a labor debt. The evidence shows that the plaintiff was the head of a family, and tends to show that the property levied upon and sold was of the value of about eight hundred dollars and comprised all the personal property owned by him, except some household goods of inconsiderable value. The constable at no time apprised plaintiff of his exemption rights, but the plaintiff, before the sale, made claim to the constable of his right of exemption and demanded that three hundred dollars worth of the property levied upon be set off to him as exempt. His claim was ignored.

Complaint is made of the following instruction given for the plaintiff:

''The court instructs the jury that if you believe and find from the testimony in this cause that at the time the constable took the property mentioned in plaintiff's petition from plaintiff and that the defendant was present advising, assisting, abetting and commanding the constable to take the property mentioned in plaintiff's petition from the plaintiff—if you find that the constable did take the property—and the plaintiff was the head of a family at that time, you will find for the plaintiff and assess his actual damages not to exceed three hundred dollars; and assess his punitive damages at such sum as you may believe from the evidence will be sufficient to punish him for his wrong and deter others from like conduct in the future.''

The grounds of complaint are, first, that the instruction did not require the jury to find that the property was such as plaintiff could have claimed as exempt from execution, and second, that it was all the property plaintiff had from which he could take his exemptions, third, that the plaintiff demanded of the constable or of defendant at any time that his exemptions be set off to him. The instruction is open to the first and second grounds of criticism, but not to the third, for it was the duty of the constable to apprise the plaintiff of his exemption rights and to set off to him property of the value of three hundred dollars as exempt from execution to be selected by the plaintiff. The instruction is open to the first and second grounds of criticism, but we do not think the error was prejudicial for the reason that the evidence is all one way that the property taken comprised all the personal property of which the plaintiff was possessed, except his household goods. Defendant did undertake to show that plaintiff owned at the time, the timber on four sections of land in Stoddard county, worth from twenty-five hundred to three thousand dollars, but utterly failed to show that plaintiff owned any such right.

The evidence is all one way that the constable and the defendant, in utter disregard of the exemption rights of the plaintiff, seized, levied upon and sold his property, three hundred dollars worth of which he was entitled by law to have set off to him as exempt from seizure and sale under execution. Their proceedings were high-handed and without the semblance of right, and the jury might have very properly assessed smart money in addition to the actual damages. The judgment is eminently just and clearly for the right party and I think should be affirmed.