ELIZA McGINNIS

V.

JOHN BERVEN.

</div>

1. INSTRUCTIONS.—Where appellee, a boarder in a flat, was injured by the fall of the back porch and claimed that the porch was in a dangerous and unsafe condition at the time of leasing, and the landlord, appellant, claimed that the porch fell by reason of its being overloaded by the tenant. *Held*, that the instruction given in this case was erroneous in not specifically directing the attention of the jury to the consideration of the nature of the use in respect to which the porch was claimed to be unsafe.

2. DAMAGES, INSTRUCTION UPON.—The third instruction was erroneous in not confining the plaintiff's right of recovery to his necessary losses and expenses, and in telling the jury that the plaintiff was entitled to recover for any injuries he had sustained, leaving the jury to include any elements of damage they might think proper.

3. SAME.—Where the jury are instructed that they may assess such damages as the plaintiff is legally entitled to recover without being instructed as to what constitutes legal damages, it is erroneous.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding. Opinion filed April 8, 1885.

Mr. Rufus King, for appellant; as to damages, cited 1 Sutherland on Damages, 766; Baldwin v. West. R. R. Co., 4 Gray, 333; Squier v. Gould, 14 Wend. 159; Tomlinson v. Derby, 43 Conn. 562; Taylor v. Monroe, 43 Conn. 36; C. W. D. Ry. Co. v. Klauber, 9 Bradwell, 613: City of Chicago v. Brennan, 65 Ill. 160.

Messrs. Swett, Haskell & Grosscup, for appellee; that a verdict manifestly right will not be set aside because of slight errors in instructions, cited Taylor v. Danville, O. & O. R. R. Co., 10 Bradwell, 311; Clark v. Day, 93 Ill. 480; Mass. Mut. L. Ins. Co. v. Robinson, 98 Ill. 324; Needham v. People, 98 Ill. 275.

Wilson, P. J. This was an action on the case, brought by appellee against appellant, to recover damages for personal injuries. Appellant was the owner of a three-story brick building at the corner of West Indiana and Carpenter streets, in the city of Chicago, the two upper stories of which were arranged in flats for family residences. Appellant leased the upper flat to one Holm for a boarding house, and appellee was a boarder with her at the time of the accident which caused the injury.

Across the rear of the building was a porch for the use of the kitchen, the approach to which was by a separate stairway, the front rooms being reached by inside stairs near the other end of the building. Appellee, with six or seven others, was on the porch when it suddenly gave way and fell, throwing appellee to the ground below, and causing the injury complained of. It was claimed by appellee, on the trial, that the porch was in a dangerous and unsafe condition at the time of the leasing, by reason of its insufficient construction and subsequent decay. On the part of appellant, it was claimed that the porch fell by reason of being overloaded with a large box of ashes and other heavy substances, in addition to the persons upon it. There was evidence tending

to support both these theories. The testimony of the witnesses was strongly conflicting, and the merits of the case doubtful. The jury found for the plaintiff, with damages in the sum of $2,500, and the defendant appealed to this court.

On the part of the plaintiff the court instructed the jury that if they believed from the evidence that at the time the premises were leased "the porch was in a rotten, dangerous and unsafe condition, and that the defendant knew it, or by the use of ordinary care might have known it,     *     *     * and that the plaintiff, without negligence on his part, was properly sitting upon said porch, as a boarder in said house, and on account of the rotten, dangerous and unsafe condition of the porch" it fell and the plaintiff was injured thereby, he was entitled to recover. The language of the plaintiff's second instruction was substantially the same in that respect.

As the jury would have been justified, under the evidence, in finding that the porch was intended to be used for the convenience and accommodation of the kitchen, as a place for keeping the usual kitchen utensils, or for bringing up wood, coal or other needed household supplies, and not as a place of storage for heavy and ponderous articles, which might jeopardize its safety, the plaintiff's first two instructions should have embraced as a part of their hypotheses that the porch was dangerous and unsafe for the purposes for which it was intended, since for such purposes it might have been safe, though unsafe if subjected to the weight of heavier burdens, which it was not built to sustain. The porch was constructed wholly of wood, with light timbers, and was inadequate to the bearing of a great weight; and this was known to the tenant at the time of the leasing. Proof was given tending to show that a large box of ashes, weighing about a ton, was standing on the porch at the time it fell, and which the jury might have believed largely contributed to, or was the cause of the disaster. If they found such to be the fact, the accident resulted from the fault of the tenant, and for this the defendant was not liable. It thus became important that the attention of the jury should have been specifically directed, in the instruction, to consider the nature of the use in respect to which

McGinnis v. Berven.

the porch was claimed to be unsafe. By the omission to do so, the jury were liable to overlook one of the most material aspects of the case, and to thereby go astray.

The plaintiff's third instruction was as follows:

" The jury are further instructed that, if from the evidence and under the instructions of the court, they find the issues for the plaintiff, and that he has sustained damages, then the jury, in determining the amount of damages they will award, have the right to take into consideration the evidence as to the loss of time of the plaintiff in endeavoring to be cured, his expenses incurred in respect thereto, if any such loss or expenses have been proved, and also the pain and suffering he endured, and any injury he has sustained, if any such has been proved, and award such damages therefor as from all the evidence in the case they think he is fairly and legally entitled to.

This instruction is faulty, we think, in several respects. It does not confine the plaintiff's right of recovery to his *necessary* losses and expenses, but authorizes a recovery for all his losses and expenses, whether necessary or otherwise. The claim in his declaration is for necessary losses and expenses, but whether claimed or not he could only recover for such as were reasonably necessary. Moreover the jury were told that the plaintiff was entitled to recover for *any* injuries he had sustained, leaving the jury to include any elements of damage they might think proper. It also submits a question of law to the decision of the jury in telling them they may assess such damages as the plaintiff is legally entitled to recover, without instructing them as to what constitutes legal damages. The jury are thus left to embark on a sea of speculation, without chart or compass to guide them. Nor is this instruction cured by any other given in the case.

As the case is to be sent back for another trial, we forbear the expression of any opinion, upon the merits.

Various other grounds for reversal have been urged, which it is unnecessary to pass upon, but for the reasons above indicated, the judgment below is reversed and the cause remanded for a new trial.

Reversed and remanded.