LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

v.

GREGOR MAY.

*Railroads — Negligence — Personal Injuries — Crossings — Signals, Failure to Make—Flagman, Absence of—Contributory Negligence—Evidence—Instructions.*

1. In an action to recover from a railroad company damages for personal injuries alleged to have been occasioned through its negligence at a street crossing, this court holds as erroneous certain instructions given in behalf of the plaintiff, upon the ground that they stated no rule to govern the jury in assessing damages, and that the statement repeated in each of them that the same must not exceed a certain sum, was improper, as being likely to influence a verdict therefor.

2. This court condemns the use by counsel in jury trials of extravagant and intemperate language, calculated to arouse the prejudice and passion of jurors and lead to unjust results.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding.

Mr. PLINY B. SMITH, for appellant.

Mr. S. M. MEEK, for appellee.

MORAN, J.   This action was brought to recover damages for injuries received by appellee by reason of a collision between appellant's engine and a team which appellee was driving.   The accident occurred on the evening of November 19, 1884, at the crossing of appellant's tracks and West 55th street boulevard.   There were various grounds of negligence alleged against appellant in the management of the engine and train which struck appellee, and in the failure to properly guard the crossing by signals or gates or the presence of a flagman; and the appellant on its part charged and strenuously insists that appellee did not exercise ordinary care for his own safety, and was injured by reason of his own negligence.   The evidence on the issues of negligence by appellant and want of ordinary care by appellee is conflicting, and it is by no means clear how the verdict ought to be.   Yet, probably, a reviewing court would not disturb the verdict if there were no misleading or erroneous instructions.

The case, however, is one calling for accurate, clear and perspicuous instructions on all material issues which were submitted to the jury for determination, and under the well established rule must be reversed if we find that misleading instructions were given by which the court can see that the jury may have been influenced to the injury of the appellant. Volk v. Roche, 70 Ill. 297; Cushman v. Cogswell, 86 Ill. 62; Wabash Ry. Co. v. Henks, 91 Ill. 406; C., B. & Q. R. R. Co. v. Warner, 108 Ill. 564.

Among other instructions given to the jury by the court at the request of appellee were the following :

"4.   The court instructs the jury that, under the laws of the State of Illinois, no railroad corporation is permitted to run upon its railroad any train of cars moved by steam power, for the transportation of passengers, unless there is placed upon the train one trusty and skillful brakeman for every two cars in the train, or unless the brakes are efficiently operated by power applied from the locomotive; and, if they believe from the evidence that this train which struck the plaintiff in this case had not on it any such brakeman, and that the injury complained of would not have occurred had there been there-

on a trusty and skillful brakeman, and if the jury believe from
the evidence that the plaintiff used reasonable care to avoid
the accident, then you should find the defendant guilty, and
assess damages in behalf of plaintiff at whatever sum you
think just and proper under the evidence and instructions in
this case, not exceeding the sum of $5,000.

5. The court instructs the jury that though they may
believe from the evidence in this case that the plaintiff was
in some slight degree negligent, yet if you believe the negli-
gence of the defendant was gross in comparison with that of
the plaintiff, then you should find the defendant guilty, and
assess the damages in favor of the plaintiff at whatever sum
you think just and proper under the evidence, not exceeding
the sum of $5,000, having reference to the other instructions
in this case as to the measure of damages.

6. The court instructs the jury that if they believe from
the evidence in this case, and under the instructions of the
court, that the defendant is guilty of wrongful acts, neglect or
default, as charged in the plaintiff's declaration, and that the
same resulted in the injury of Gregor May, then the plaintiff
is entitled to recover in this case such damages as the jury
may deem from the evidence and proofs that the plaintiff has
sustained, if any, up to the commencement of this suit; such
damages as will compensate the plaintiff for his personal
injury so received, and for his loss of time, in endeavoring to
be cured, and his expenses necessarily incurred, if such loss of
time, expense and personal injury have been proved, and you
are at liberty also to take into account any pain and suffering
undergone by him up to the time of bringing this action, if
any such have been proven, in estimating damages in this
case, in all not to exceed $5,000."

The instructions numbered four and five above set out
authorize the giving of damages in terms that have been fre-
quently condemned. They state no rule to govern the jury
in assessing damages. This court said of an instruction simi-
lar to those: "It does not confine the plaintiff's right of
recovery for all his losses and expenses, whether necessary or
otherwise. * * * Moreover, the jury were told that the

plaintiff was entitled to recover for any injuries he had sustained, leaving the jury to include any elements of damages they might think proper." McGinnis v. Berven, 16 Ill. App. 354.

True, the said instructions refer to other instructions in the case as to the measure of damages, and if any proper instruction had been given clearly limiting the jury to the true elements of damage the error in them might be cured; but the only other instruction relating to damages given is number six above set out, and that is subject to just criticism. It declares that the plaintiff is entitled to recover "such damages as the jury may deem from the evidence and proofs that plaintiff has sustained, if any, up to the commencement of this suit;" what follows in the instruction is an enumeration of certain elements of damage, but the terms are neither in form and effect a limitation of the jury in those elements of damage named, and the result is that the jury are left at large and free to include such grounds of damage as they might think proper.

There is a further objection to said instructions. All of them contain the significant suggestion to the jury that the damages to be awarded are not to exceed the sum of $5,000. The verdict is for just $5,000. The instruction number six does limit the damages to those sustained up to the commencement of this suit, and therefore we must conclude that damages for any permanent injury, which in cases like the present usually constitute the most important basis for allowing damages, were not estimated by the jury in reaching the verdict. The conclusion is almost irresistible that the "damnable iteration" of the phrase "five thousand dollars" in all the instructions relating to damages had the effect of inducing the jury to fix on just that sum.

The Supreme Court has said of an instruction of similar import: "By all the rules of philology, that is but telling the jury they must render a verdict for $5,000. It is true the jury did not render such a verdict, but was it not a strong persuasive argument addressed to them by the court to render a large verdict?" C., R. I. & P. R. R. Co. v. Austin, 69 Ill. 426.

There are other errors assigned, but as they will probably not be repeated on another trial we do not deem it necessary to enter upon a discussion of them. We will merely say as to one of them, that it would be well for counsel in their addresses to juries, especially in that class of cases in which it is well understood that their clients have the ready sympathy of the jury, to confine their discussion to the evidence in the particular case, and avoid intemperate and extravagant statements of matters not pertinent and which are calculated to arouse the prejudice and passion of jurors and lead to unjust results. The judgment will be reversed and the case remanded.

*Reversed and remanded.*