## J. K. Comstock v. Henry Price.

1. INSTRUCTIONS—*Failure to State Rules of Law Whereby Damages Are to Be Assessed.*—Instructions which do not state the rules of law by which plaintiff's damages are to be assessed, but leave the jury to judge what were the proper elements of damage, and open before them the field of speculation and conjecture, are erroneous.

2. SALES—*Resources of Vendor Where Goods Are Not Accepted.*— Where the goods sold are not accepted the vendor may pursue any one of three courses : First, he may store the goods for the vendee, give notice that he has done so, and then recover the full contract price; second, he may keep the goods, and recover the excess of the contract price over and above the market price at the time and place of delivery; third, he may sell the goods to the best advantage, and recover of the vendee the loss if the goods fail to bring the contract price.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the April term, 1902.. Reversed and remanded. Opinion filed July 18, 1902.

EDWARD J. KING, attorney for appellant.

ARNOLD & GALE, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In 1898 Price owned a large farm at Kenton, Ohio, where he raised onions and other produce for sale and shipment in bulk. Comstock was in the wholesale fruit and produce business at Galesburg, Illinois, buying and selling on his own account. In October, 1898, Comstock and Price had correspondence by letters and telegrams concerning a car load of onions. Part of the correspondence was lost and was proved orally, with some disagreement as to the terms of the lost correspondence. It seems, however, that Comstock ordered and Price shipped to him a car load of onions, containing 543 bushels, which were to be fancy red onions, at either thirty-eight or forty cents per bushel. Price shipped the onions on November 2, 1898, by rail at Alger, Ohio, consigned to Comstock at Galesburg. The car reached Galesburg on November 7th. Comstock exam-

ined the onions at four P. M. that day, and next morning wired Price that the onions were undersized and mixed, and he could not accept them, and asked what disposition he should make of them. On the same day Comstock wrote Price, giving his objections more fully. Correspondence followed, Price trying to induce Comstock to take them, and Comstock offering to sell them on Price's account. A few days later it became necessary to make some disposition of the car, and the railroad agent at Alger, acting after a conversation with Price, ordered the car shipped to commission men at Peoria who had previously sold goods on commission for Price, and the car was shipped to Peoria and the onions were there sold. Price then brought this suit against Comstock to recover damages for a breach of the contract, and obtained a verdict and a judgment for $175. Comstock appeals.

The main controversy was whether the goods shipped complied with the contract, so that Comstock violated his contract when he refused to accept and pay for them. Plaintiff produced a number of witnesses to show that the onions shipped complied with the contract, and defendant produced about an equal number of witnesses to show the onions received did not comply with the contract. This proof was so nearly evenly balanced that a verdict either way on that subject, approved by the trial judge, ought not to be disturbed on appeal as not supported by the evidence.

The record presents the further question whether the jury were properly instructed as to the measure of damages. The rules laid down were that if plaintiff recovered he was entitled to such an amount as the jury believed from all the evidence plaintiff had been damaged by the failure and refusal of defendant to accept and pay for the onions; and to such an amount as they believed from all the evidence he was entitled to by reason of the failure of defendant to accept and pay for the onions. These instructions did not state the rules of law by which plaintiff's damages were to be assessed, but left the jury to judge

what were proper elements of damage, and opened before them the field of speculation and conjecture, and under the facts in this case we regard them as erroneous. (Ayer v. Mead, 13 Ill. App. 625.) No other instruction gave the jury the law governing the measure of damages.

It remains to inquire whether the verdict is so clearly correct in amount that the error just stated does not require a reversal. In a case like this the vendor may pursue any one of three courses:

" First, the vendor may store the goods for the vendee, give notice that he has done so, and then recover the full contract price; second, he may keep the goods, and recover the excess of the contract price over and above the market price at the time and place of delivery; third, the vendor may sell the goods to the best advantage, and recover of the vendee the loss, if the goods fail to bring the contract price." Ames v. Moir, 130 Ill. 582; Trunkey v. Hedstrom, 131 Ill. 204.

Price did not pursue the first course. If, under the proofs, he could be considered as having pursued the second, and if Kenton, Ohio, was the place of delivery, the proof is the goods were worth the contract price there; and if Galesburg be considered the place of delivery, the proof is that fancy red onions were worth there the contract price or more; so that Price could only have lost the freight charges from Alger to Galesburg, and that sum is not proved. But Price apparently adopted the third remedy above stated. In that view of the case, we regard his proof as insufficient to show how much he ought to recover. He did not prove the goods could not have been sold at Galesburg. He employed an agent there to see if he could sell them, and Price testified such agent reported he was making progress, before the car was ordered to Peoria. That agent was not a witness. There is no proof Peoria was the best or nearest market in which to sell the onions. There is no proof they were sold to the best advantage at Peoria, nor what efforts were made to sell them there. Indeed, Price testified the man who sold them for him in Peoria was a " commission

thief," and implied the goods were not properly handled and disposed of there. If this is true, the loss should not fall upon Comstock. Price did not prove in chief what he got for the onions at Peoria, but only that the commission merchants who handled them demanded of him $57 over and above what they got for the onions. Defendant called one of these commission men as a witness as to the kind and quality of the onions in the car, and on cross-examination plaintiff proved by him that the freight on the car and the charges amounted to $108, and that they did not get that money back within $59. But plaintiff did not prove how much of the $108 was freight and how much was "charges," nor what those charges were for, nor by whom imposed, nor that they were reasonable and necessary charges. As plaintiff did not prove that he sold the goods to the best advantage, nor show what he received, nor what the necessary and proper expenses were attending such sale, he did not furnish a basis by which the damages could be estimated.

Defendant claims the goods reached Comstock over a different railroad from that designated in his order, and that this fact was a complete defense. The order was lost, and plaintiff denies it designated the railroad. Be that as it may, defendant did not base his refusal to receive the goods upon the failure to ship by the proper road, and can not now rely upon that fact.

The judgment is reversed and the cause remanded for a new trial.