CASE ^—ACTION BY MARY E. BENNETT AGAINST THE
LOUISVILLE RAILWAY COMPANY FOR DAMAGES
FOR ALLEGED NEGLIGENCE IN OPERATING A
STREET CAR.—February 20.

## Bennett v Louisville Ry. Co.

122    59
p130    680

Apepal from Jefferson Circuit Court, Common
Pleas branch (2nd division).

THOMAS R. GORDON, Judge.

Judgment for defendant, plaintiff appeals. Affirmed.

1. Street Cars—Care in Operating—Starting Car Before Passenger in Seated—While it is the duty of those operating street cars to observe the highest degree of care which a prudent person would exercise under like circumstances in the management and control of the car to enable a passenger to board it with safety, it is not the duty of the servant in charge of the car to have it remain standing until a passenger is seated therein, unless the passenger is old, feeble, crippled or in such condition which makes it reasonably apparent that such passenger needs unusual care and precaution for his or her protection.

R. C. & J. J. DAVIS for appellant.

1. Verdict was against the evidence and not sustained by sufficient evidence. (Price, Admr., v. Graham, 1 Bibb, 570; Mahan v. Jarvis, 2 Bibb, 33; McGrath v. Herndon, 4 Monroe, 481; Price v. Wood, 7 Monroe, 223; Mercer v. Clark, 3 Bibb, 224; McCoy v. Martin, 4 Dana, 580; Hunt's Hrs. v. Hunt, 3 B. Mon., 595; Page v. Carter, 8 B. Mon., 192.

2. Error in instruction No. 2, which took from the jury the right to consider whether under all the conditions existing at the time of the accident, the appellee exercised the highest degree of care in starting the car before appellant had obtained a seat. (5 Elliott on Railroads, 1156 and authorities cited; Inabnett v.

Bennett v. Louisville Ry. Co.

St. Louis, etc., R. R. Co., 9 Am. Neg. Rep., 430; Booth Street Railway Law, section 348; Joyce Electric Law, section 531; Nellis Street Railroad Accident Law, section 20, at foot of page 105; Austrian v. United Traction Co., 19 Pa. Sup. Ct., 329; Walter v. Philadelphia Traction Co., 161 Pa. State, 36; Dochterman v. Brooklyn Heights R. R. Co., 4 Am. Neg. Rep., 689; Black's Law and Practice in Accident Cases, section 29; Dougherty v. Missouri R. Co., 81 Mo., 325; Kinkade v. Atlantic Ave. R. Co., 9 Misc., 273; W. Chicago Street Railway Co., v. Craig, 74 Ill. App., 411; L. & N. R. R. Co. v. Hale, 19 Ky. Law Rep., 1652; Sheffer v. L., H. & St. L. Railway Co., 22 Ky. Law Rep., 1305.

3. Undue promiennce given to the fact that appellee was not bound to have the car remain standing until appellant was seated, by instruction No. 2. (L. & N. R. R. Co. v. Banks, 17 Ky. Law Rep., 1065; Moran v. Higgins, 19 Ky. Law Rep., 456; Taulbee v. Moore, 21 Ky. Law Rep., 378; Old Times Distillery Co. v. Zehnder, 21 Ky. Law Rep., 783; Franklin Ins. Co. v. Clark, 22 Ky. Law Rep., 932; Bowling Green Stone Co. v. Capshaw, 23 Ky. Law Rep., 945.)

4. Error of the court in giving instruction No. 3 as to contributory negligence, because there was no evidence to sustain the plea, and no presumption of negligence from the mere happening of the accident, except in those cases where the doctrine of res ipsa loquitur applies. (Lawson on Presumptive Evidence, rule 19, d: Thompson's Commentaries on Negligence, section 395, section 458; City of Henderson v. White, 20 Ky. Law Rep., 1525; Hughes v. C., N. O. & T. P. R. R. Co., 13 Ky. Law Rep., 72; McCormick Harvesting Co. v. Willan, 56 L. R. A., 338; Gilberson v. Bangor & R. R. Co., 89 Maine, 337.)

FAIRLEIGH, STRAUS & FAIRLEIGH, KOHN, BAIRD & SPINDLE and GREENE & VANWINKLE for appellee.

1. We submit that the duty of the railway is to furnish the passenger a reasonable opportunity to board the car in safety, and that it is not the duty of a railway train, much less of a street car, to refrain from stopping until the passenger gets seated, and that the jury should be told that the company has discharged its duty when it allows the pasenger to get safely aboard, and that if the passenger is safely aboard it is not necessary that the car should remain standing until the passenger gets seated.

2. In the case at bar, the court could not say on the evidence, as a matter of law, that the appellant had discharged that care

which she owed to herself. Whether she did and what office that had in the injury which she complained of, were questions essentially for the jury.

3. It is well established that even in reference to original negligence, if there be any evidence whatever from which the jury may infer that the defendant has been negligent, the question must be submitted and not withdrawn by peremptory instruction. Likewise, if there be any evidence conducing to show, or from which negligence on the part of the plaintiff may be inferred, the question of contributory negligence must be submitted.

### AUTHORITIES CITED.

Thompson v. Thompson, 93 Ky., 435; L. & N. v. Hale, 102 Ky., 602-604; Elliott on Railroads, Vol. 4, section 1589; Choate v. San Antonio and A. & P. Ry. Co., 36 S. W., 247; Yarnell v. Kansas City, &c., Railroad Company, 18 L. R. A., 599; 2 Sherman & Redfield on Negligence (4th Ed.), section 508; Railroad v. Webster, 21 Rep., 3; 2 Sherman & Redfield on Negligence (5th Ed.), section 508; Steeg v. St. Paul Railway (Minn.), 50 Minn., 149; 16 L. R. A., 379; Askerlott v. Railway, 131 N. Y., 599; 15 L. R. A., 489; Nellis on Street Surface Railroads, section 15, 457-464; Miller v. St. Paul Railway, 66 Minn., 192-193; Holmes v. Traction Company, 153 Pa. St., 152; Rozas v. Metropolitan Railway, 133 App. Div. Rep., 296; Keating v. N. Y. C. & H. R. R. Co., 49 N. Y., 673; Morrison v. Broadway & Second Ave. R. R. Co., 8 N. Y., Supp., 436; Ganiard v. Rochester City, &c., R. R. Co., 50 Hun., 22; 2 Sherman & Redfield, section 508; Railroad v. Vincent, 25 Rep, 38, 652; Railroad v. Jolly, 25 Rep., 1735-8; Nellis on Street Surface Railroads, 458; Booth on Street Railway Law, section 348; Nellis on Street Railroad Accident Law, section 20, 97; 19 Pa. Sup. Ct., 829; Walters v. Traction Company, 161 Pa. St., 36; Dougherty v. Missouri Railroad, 81 Mo., 325, 330.

OPINION BY JUDGE NUNN—Affirming.

Appellant instituted this action against the appellee to recover damages for injuries received upon one of its cars, as she alleged, by the negligent managemnt and operation thereof by the motorman. On the trial the jury returned a verdict in favor of the appellee, and she has appealed.

She alleged in her petition, in substance, that the

motorman stopped the car for her, and as she entered the door of the car, and was in the act of taking her seat, the motorman negligently turned on the current, and started the car with a sudden and unusual jerk, by which she was thrown with great force and violence against the end or edge of the seat, by reason of which she received painful injuries to her body and spinal column; that she was made sick and sore, and confined to her bed for a long time, suffering great pain, and was compelled to undergo a serious and painful operation, in the removal of the lower end of her spinal column; that her loss of time and medical expense amounted to $500; and was otherwise injured and damaged to the extent of $5,000. The appellant asked for a reversal, for the reason that the verdict was against and contrary to the evidence. That the court erred in giving to the jury instructions 2 and 3.

The appellant and one witness sustained her allegation that the jerk in starting the car by the motorman was a sudden and unusual one, and that by reason thereof she was injured, and in the way and manner and to the extent stated. There was no contrariety of evidence as to the extent of her injuries. The appellee introduced one witness, whose testimony tended to show that the jerk made in starting the car, was not sudden or unusual. We are of the opinion that the preponderance of the evidence favored the claim of the appellant, but we are not authorized to reverse the judgment of the lower court on that account.

Instruction No. 3 complained of by appellant is an instruction in the usual form upon the question of contributory neglect. The objection to this instruc-

tion is that there was no evidence upon which to base it. It is true that there was a bare scintilla of evidence, if any, to authorize it. It is a doubtful question as to whether or not it should have been given, but in our opinion the giving of it did not prejudice the substantial rights of the appellant.

Instruction No. 2 reads as follows: "It was not the duty of the agent and servant of the defendant in charge of the car to have the car remain standing until the plaintiff was seated in said car; and unless you believe from the evidence that the said agent or servant in charge of the car failed to exercise that degree of care with which he was charged, as set out in instruction No. 1, and by a reckless or unnecessary jerk or lurch of said car started the same; and the plaintiff was injured thereby, the law is for the defendant, and you should so find." By the first instruction the court, in effect, instructed the jury that it was the duty of the agent of appellee in operating the car upon which appellant was a passenger to observe the hightest degree of care, which a prudent person would exercise under like circumstances, in the management and control of the car, to enable appellant to board it with safety, and if the jury believed from the evidence that the agent in charge failed to exercise the degree of care stated, and by a reckless or unnecessary jerk or lurch of the car, started the same, and appellant was thereby thrown against the seat and injured, then the law was for her.

The appellant complains of that part of the second instruction which told the jury that it was not neces-sary for the agent in charge of the car to have it remain standing until the appellant was seated. This

instruction seems to be in conformity with the rule enunciated in the case of L. & N. Railroad Company v. Hale, 44 S. W. 213; 19 Ky. Law Rep., 1652, 42 L. R. A. 293, and Sheffer v. L. H. & St. L. R. R. Co., 60 S. W. 403; 22 Ky. Law Rep., 1305. Both of these cases, however, were against steam railways, but we we can see no reason why the same rule would not be applicable to street railways. It would be impracticable to require in every instance those in charge of a street car to have it remain still until every passenger that boards it takes a seat. This would make street car travel slow, vaxatious, and inconvenient.

There are instances in which a car should be permitted to remain still until the passenger is seated; that is, where the passenger is old, feeble, crippled, or in any condition which makes it reasonably apparent to those in charge of the car that the person needs unusual care and precaution for his or her protection. But the case at bar does not come within this rule. It is true that she was proven to be large and fleshy, but there was no proof that her flesh was any great burden to her, nor was there anything proven which might have indicated to the motorman in charge of the car that any extra precautions were required on his part for her safety.

The judgment is affirmed.

Petition for rehearing by appellant overruled.