## FT. SMITH & W. R. CO. v. GREEN.

No. 6886.   Opinion Filed March 21, 1916.

(156 Pac. 349.)

1.   **TRIAL—Instructions—Carriage of Passengers—Injuries.**   Where the uncontroverted evidence shows that plaintiff who desired to become a passenger on defendant's train at Bokoshe, Okla., had boarded next to the last coach and passed through that coach onto the platform en route to the rear car, and sustained injury on the platform between the coaches, it is error to submit to the jury the question of negligence on the part of the railroad company as to whether or not it had its train at said station long enough to give

plaintiff a reasonable opportunity to board the same in safety, in the absence of any special circumstances such as weakness, crowded condition of platform, or other special circumstances within the knowledge of the operators of said train.

2. **TRIAL—Instructions—Correctness.** It is not error to refuse a requested instruction which does not correctly state the law applicable.

3. **DAMAGES—Assessment—Instructions.** In a personal injury case it is the duty of the court to define the rules of law by which damages may be assessed, and where an instruction leaves the jury to judge what are the proper elements of damages, such instruction is erroneous.

(Syllabus by Clay, C.)

*Error from District Court, LeFlore County;*
*W. H. Brown, Judge.*

Action by Erasmus C. Green against the Ft. Smith & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Warner & Warner,* for plaintiff in error.

*R. P. White* and *T. H. DuBois,* for defendant in error.

Opinion by CLAY, C. This was an action for personal injury commenced by the defendant in error, plaintiff below, and who will hereafter be designated plaintiff, against the plaintiff in error, defendant below, and who will hereafter be designated the defendant, wherein the plaintiff alleged that his foot was caught between the bumpers of the last two coaches of defendant's train while passing over the platform of one of the coaches *en route* to the rear car, after having passed through one coach, and that the injury occurred at Bokoshe, Okla., September 17, 1913.

Defendant answered: (a) By general denial; (b) by an averment of contributory negligence. Upon the issues

thus joined and a jury trial, a verdict was rendered for plaintiff in the sum of $500, upon which judgment was entered, to reverse which this proceeding in error was commenced.

The petition in error contains more than 30 assignments of error, but counsel for defendant have argued them under the following divisions: (1) The demurrer to plaintiff's evidence should, have been sustained. (2) The court erred in giving general instruction No. 4. (3) The court erred in refusing to give defendant's requested instruction No. 11. (4) The court erred in giving general instruction No. 9.

Defendant, under its first assignment, urges that the demurrer to the evidence should have been sustained for the reason that the undisputed evidence shows that plaintiff and his children and granddaughter boarded next to the last coach of defendant's train at the station of Bokoshe, and walked through that coach looking for a seat, and, being unable to find one, they started across the platform to the rear coach, and, while crossing that platform, by reason of a jar or jerk of the train in backing he was thrown up against the rods of the platform and his foot slipped down between the bumpers of the two cars and was mashed. Under this state of facts defendant urges that it was entitled to have the law declared in its favor for the reason that it owed plaintiff no duty after he had entered the train to wait until he was seated to start the train.

The general rule is that:

"It is the duty of the servants of a carrier of passengers, when in charge of a railroad train, to keep it stationary for a length of time which is reasonably suffi-

cient to enable all passengers to get off and on with safety, and, in the absence of contributory negligence on the part of the passenger, the carrier is liable for injuries resulting from a failure to perform this duty." (Moore on Carriers, sec. 38; *Imhoff v. Chicago & Milwaukee Ry. Co.*, 20 Wis. 344; *Southern Railroad Co. v. Kendrick et ux.*, 40 Miss. 387, 90 Am. Dec. 332; *Choctaw, O. & G. Ry. Co. v. Burgess et al.*, 21 Okla. 653, 97 Pac. 271, and cases cited.)

The exceptions, briefly stated, to this general rule are: When there are special circumstances within the knowledge of the servants of the carrier of the passengers, or which they might have known by the exercise of reasonable care, such as the weakened physical condition, or age, of the passenger, his incumbrance with baggage, or the existence of a crowd on the platform, then it becomes the duty of the carrier, or its servants, to use such care as will not endanger the safety of such passengers. 6 Cyc. 613; *Louisville, etc., Ry. Co. v. Harmon* (Ky.) 64 S. W. 640, 23 Ky. Law Rep. 871; *St. Louis, etc., Ry. Co. v. Finley*, 79 Tex. 85, 15 S. W. 266; *Norfolk, etc., Ry. Co. v. Groseclose*, 88 Va. 267, 13 S. E. 454, 29 Am. St. Rep. 718.

In this case the undisputed evidence shows that the plaintiff and his children had not safely boarded defendant's train, but had passed entirely through one car and he was injured while crossing the platform to the rear car. No rule of law, or case, has been cited which makes it the duty of a carrier of passengers to hold its train at a station until passengers pass through a coach and attempt to go into another coach in search of seats. The defendant company appeared to be violating no duty which it owed plaintiff when it moved its train, and we think the court erred in submitting this issue to the jury, in view of the evidence. *L. & N. R. Co. v. Hale*, 102 Ky. 600, 44 S. W.

213, 42 L. R. A. (N. S.) 293; *Railway v. Herring* (Ky.)
96 S. W. 558; *Id.* (Ky.) 97 S. W. 1127; *Bennett v. Louis-
ville Ry. Co.*, 122 Ky. 59, 90 S. W. 1052, 4 L. R. A. (N. S.)
558, 121 Am. St. Rep. 453; *Yarnell v. Kansas City, Ft. S.,
etc., R.*, 113 Mo. 570, 21 S. W. 1, 18 L. R. A. 599; *Weeks
v. Boston, etc., Co.*, 190 Mass. 563, 77 N. E. 654; 2 Shear.
& Redf. Neg. (4th Ed.) sec. 508; *Boston Elevated Ry. Co.
v. Smith*, 168 Fed. 628, 94 C. C. A. 84, 23 L. R. A. (N.
S.) 890.

Defendant further urges that the jerk or jar of the
train, testified to by plaintiff's witnesses, was not suf-
ficient to show negligence. It is conceded by plaintiff that
this issue was not submitted to the jury.

2. Defendant complains of instruction No. 4, given
by the court. It is unnecessary to pass upon this as-
signment, as we have held in the foregoing paragraph
that it was error to submit this issue to the jury.

3. Defendant also complains of the refusal of the
court to give its requested instruction, which is as follows:

"You are instructed that the defendant railroad com-
pany was not required to wait until the plaintiff, or any
other of its passengers who boarded its train at Bokoshe,
had taken seats, before moving its train, but it is re-
quired by the law to wait only a reasonable length of time
for the passengers to get upon its train. And you are
further instructed that after the plaintiff boarded the de-
fendant's train, he assumed all risk of being injured from
the jolting or jerking of said train, incident to moving
the same."

This special instruction presents two propositions,
and, as we view it, did not present the law. It is not so
much a question of the length of time the carrier is re-
quired to hold its train at a station, as that it should be

required to hold it such length of time as to give passengers a reasonable opportunity to alight from and board its cars. Before error can be predicated upon a refused instruction, it must correctly state the law applicable to the issues, and must present a single proposition of law.

4. Defendant assigns as error the giving of instruction No. 9 of the court's general charge, which reads as follows:

"If you find for the plaintiff, then you will determine the amount of his recovery and so state in your verdict. And you are instructed that the plaintiff is entitled to recover as far as is susceptible of an estimate in money. for the loss and damage caused proximately to him by defendant's negligence and a reasonbe sum for his pain and suffering, as shown by the evidence before you."

This instruction seems to be an abstract statement of the law as to what damages may be recovered for personal injury, as stated by Mr. Justice Gray in *Vicksburg & M. R. Co. v. Putnam*, 118 U. S. 554, 7 Sup. Ct. 2, 30 L. Ed. 257, quoted by Mr. Chief Justice Williams in *Choctaw, O. & G. Ry. Co. v. Burgess*, 21 Okla. 676, 97 Pac. 280, as follows:

"In an action for a personal injury, the plaintiff is entitled to recover compensation, so far as it is susceptible of an estimate in money, for the loss and damage caused to him by the defendant's negligence, including not only expenses incurred for medical attendance, and a reasonable sum for his pain and suffering, but also a fair recompense for the loss of what he would otherwise have earned in his trade or profession, and has been deprived of the capacity of earning. by the wrongful act of the defendant" (and citing authorities).

This instruction, as we view it, constitutes reversible error in that it did not state the rules of law by which

plaintiff's damages should have been assessed, but left the jury to judge what were the proper elements of damage. We are not unmindful of the rule that where instructions present the law correctly as far as they go, and no special instruction is requested on the subject, properly presenting the law, the cause will not be reversed because the court did not fully present the law. *Muskogee Electric Traction Co. v. Eaton,* 49 Okla. 344, 152 Pac. 1109.

But in this case the elements constituting the loss and damage were not given to the jury. They were not told what loss or losses they might consider, or what elements of damage they might consider in arriving at their verdict, except the element of pain and suffering. 13 Cyc. 236; *Baltimore & Ohio R. Co. v. Carr,* 71 Md. 135, 17 Atl. 1052; *Comstock v. Price,* 103 Ill. App. 19; *C., B. & Q. R. R. Co. v. Kuck,* 112 Ill. App. 620; *Holt v. Spokane, etc., Ry. Co.,* 3 Idaho (Hasb.) 703, 35 Pac. 39; *L. S. & M. S. Ry. Co. v. May,* 33 Ill. App. 366; *Camp v. Wabash R. Co.,* 94 Mo. App. 272, 68 S. W. 96; *McGinnis v. Berven,* 16 Ill. App. 354; *Schmidt v. Transit Co.,* 49 Misc. Rep. 255, 97 N. Y. Supp. 390; *Interstate Coal Co. v. Love,* 153 Ky. 323, 155 S. W. 746; *Jacquin v. Grand Ave. Co.,* 57 Mo. App. 320.

We find no other error. For the reasons given above we recommend that this cause be reversed and remanded, with directions to the trial court to set aside the judgment, and grant the defendant a new trial.

By the Court: It is so ordered.