Asalee Jackson, Appellee, v. Scerial Thompson, Trustee in Estate of W. O. Brantley, Appellant.

Opinion filed March 1, 1941.

WHEATLEY & COMBE, of Harrisburg, for appellant.

K. C. RONALDS, of Harrisburg, and D. L. DUTY, of Marion, for appellee; CHAS. D. WINTERS, of Marion, of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Appellee, Asalee Jackson (hereinafter designated as plaintiff) brought an action for damages, in the sum of $6,000, in the circuit court of Saline county against appellant, W. O. Brantley, doing business as Checker Cab Company (hereinafter designated as defendant) for personal injuries which she claims to have sustained while riding as a passenger in a taxicab owned by the defendant, and operated by a driver, on December 12, 1938. The one count of the complaint charged a negligent operation of the taxicab by the driver and a resultant injury to plaintiff.

The driver of the taxicab, operating in the city of Harrisburg, picked up the plaintiff as a passenger, for hire, at the Horning Hotel in that city, to be conveyed to her home in the northeast part of that city. She seated herself in the back seat of the taxicab, and asked the driver to take her home. Whereupon, he asked her if she was in a hurry, as he wanted to deliver a book in the southwest part of the city, to which inquiry she

replied that she was not in a hurry and that it was all right to deliver the book. After driving some blocks, the driver delivered the book and started to take the plaintiff to her home. As he turned a corner and came into Vine street which runs in a northerly and southerly direction, he was driving north. In front of a Kroger store, on the east side of Vine street, near the intersection of that street with Locust street, an automobile belonging to John Henninger was parked parallel with the street. As the driver drove his taxicab around this parked car, a Chevrolet automobile being driven south by Tony Drutis, whom the evidence showed to be intoxicated at the time and that he had been zigzagging from one side of the street to the other, collided with the taxicab and plaintiff sustained injuries. Her physician testified that, as a result of said accident plaintiff had sustained a depression in the region of the fifth, sixth and seventh costal sternal junctures, a lagging in the left side of the chest and rales in the left axillary region, and had subsequently developed tuberculosis. He further testified that she had sustained injuries which in his judgment would be permanent.

Upon a trial before a jury, verdict was returned in favor of plaintiff in the sum of $5,000. Motion for new trial was denied, and from the judgment of the trial court, defendant prosecutes this appeal.

The three principal errors assigned and argued by defendant are that certain evidence offered by plaintiff and admitted by the court, over defendant's objection, was inadmissible and erroneous; that the negligence of the driver of the Chevrolet car, and not that of the defendant's driver was the proximate cause of the injury, and that the court erred in the giving of certain instructions requested by plaintiff.

It is strenuously contended by defendant that what was said and done up to the time of the accident, as between the plaintiff and the taxicab driver, was not admissible as a part of the *res gestae,* for the reason that

it did not characterize, explain or have a tendency to establish a breach of duty of the defendant. We are inclined to believe that both plaintiff and defendant in their presentation of this phase of the case, took this part of the evidence too seriously. We are not inclined to agree with the reasoning of the plaintiff's argument in this court, that the driving around for the period of 30 minutes, as claimed, taking into consideration the weather, the relation of passengers and carrier, characterized the conduct of the driver as careless and negligent, which the jury would have a right to consider. There was no allegation of that in the complaint. The record does not disclose whether or not this position was taken by the plaintiff in the trial court in argument before the jury. When objection was made to the admission of this testimony, the court in passing upon it, said that probably the only object was to show the length of time in getting from the hotel to the place of the accident. With that theory we are inclined to agree. The plaintiff's testimony was to the effect that she left the hotel at about 5 minutes after 9 o'clock, and that the distance from the hotel to her home was 7 blocks. Other witnesses to the accident placed the time of the collision at between 10 and 10:30. Plaintiff was entitled to show the occasion for the delay, so that her testimony be not discredited, as to other material matters.

If the act, declaration or exclamation is so intimately interwoven or connected with the principal fact or event which it characterizes as to be regarded as a part of the transaction itself, and if it clearly negatives any premeditation or purpose to manufacture testimony, it is properly admissible as a part of the res gestae. Charles E. Reed & Co. v. Industrial Commission, 328 Ill. 345, 352; George J. Cooke Co. v. Fred Miller Brewing Co., 316 Ill. 46, 51; Lander v. People, 104 Ill. 248.

The court is constrained to hold that the things said and done, after the relationship of passenger and carrier were assumed, and before the accident, were ad-

missible, particularly as being explanatory of the delay and not for the purpose of showing some negligence not alleged in the complaint. Even assuming that it was improperly admitted in evidence, we cannot see how it could have prejudiced the cause of the defendant sufficiently to be reversible error.

It is argued at considerable length by defendant that the proximate cause of the injury to the plaintiff, was not the negligent act of defendant, but the negligence of the driver of the Chevrolet car. We are not inclined so to hold. Plaintiff testified that after the cab turned the corner to come into Vine street, it was being driven in the middle of the street. The testimony of Richard Milligan, who was a passenger in the Chevrolet car and a witness for defendant was to the effect that when the cars came together, they were both out in the middle of the street and that the collision occurred when the defendant's driver "whipped around" the parked car. Howard Dooley, another passenger in the Chevrolet car, also one of defendant's witnesses, testified at the time of the collision, both cars "were near about the middle of the street," and that the collision took place when the taxicab "cut around" the parked car.

Earl Smith, the driver of the defendant's taxicab testified, on behalf of the defendant, that he first saw the other car, when it was somewhere near 50 or 60 feet from the intersection of Locust and Vine streets, and that the said car was taking all the road, zigzagging from one side of the street to the other. Certainly he was put upon notice that a dangerous situation existed, involving the safety of his passenger, but instead of staying close to the curbing, he attempted to pass around the Henninger parked car, which involved his getting out into what might be termed the danger zone of the street, where the Chevrolet was careening from one side to the other.

The proximate cause of the injury was a question of fact for the jury, and they, under the evidence could very well have reached the conclusion that the negli-

gent conduct of the taxi driver was one of the proximate causes of the injury to the plaintiff concurring with the negligence of the driver of the Chevrolet car, which in combination caused the injury complained of. *Votrian v. Quick,* 271 Ill. App. 259; *Thomas v. Chicago Embossing Co.,* 307 Ill. 134. We do not believe that the verdict of the jury was contrary to the manifest weight of the evidence.

Complaint is made by defendant, that instructions numbered 1, 2, 4 and 5 are erroneous, since they, so it is claimed, state abstract propositions of law, and since they allegedly declare a duty much broader than the breach of any duty alleged in the complaint. Instruction number 1 does not state any abstract proposition of law, inasmuch as there is a direct application made to the negligence charged. Objection is also made with reference to this instruction that the jury were therein informed as to the amount of the *ad damnum,* and cautioned them that they were not to award damages in excess of that amount, and is erroneous for that reason. It is only where a statement that the damages awarded must not exceed a certain amount is repeated in each of a series of instructions, or there is something in the instruction which tends to lead the jury to understand that they should, or may be allowed to award the full amount so claimed that such an instruction could be held to be reversible error. *Lake Shore & M. S. Ry. Co. v. May,* 33 Ill. App. 366; *Calumet Elec. St. R. Co. v. Van Pelt,* 173 Ill. 70. The instruction in the instant case does not offend in that regard. Instructions number 2 and 4 of plaintiffs given instructions states an abstract proposition of law, as to the duty of a common carrier, but by instruction number 3 requested by defendant and given by the court, the jury were instructed that before plaintiff could recover she must establish by the greater weight of the evidence that the defendant was guilty of the negligence charged by the plaintiff and that such act of negligence, if any

was the direct and proximate cause of the injury to the plaintiff, if any.

It is fundamental that instructions should be considered as a series in determining if the jury has been correctly advised. *Baker v. Baker,* 202 Ill. 595; *Mobile & O. R. Co v. Vallowe,* 115 Ill. App. 621, aff'd 214 Ill. 124. Instruction number 5 of plaintiff's instructions makes a direct application to the facts, and is not in the abstract.

We believe instructions 6 and 7, complained of by defendant fairly state the law of the case.

The court must therefore conclude that there is no prejudicial error in the record which justifies a reversal and the evidence fairly tends to sustain the judgment appealed from. The judgment of the lower court, will therefore be affirmed.

*Affirmed.*